■ JUAN HERNANDEZ et al., Respondents, v STATE OF NEW YORK, Appellant. [644 NYS2d 380] —White, J.

In September 1988, as part of a widespread drug investigation in the City of Schenectady, Schenectady County, State Trooper Samuel Mercado, acting in an undercover capacity, purchased cocaine from Francisco Guzman at a store located on Albany Street in an area of Schenectady known as the Ham-

ilton Hill section. A young Hispanic male on a bicycle, whose identity was unknown to Mercado, facilitated the transaction by delivering the cocaine to Guzman's store. In recording this purchase for the police investigation, Mercado described this individual as a 5 feet 4 inches Hispanic male with short dark hair, weighing approximately 135 pounds, whose name was unknown and who was later described by Mercado as 18 to 20 years old.

A few days later Mercado again encountered the same individual in the Hamilton Hill section; he was again riding a bicycle, identified himself as "Enrique" and told Mercado that he lived right down the street in the Hamilton Hill area. Shortly thereafter a Schenectady police officer showed Mercado an old photograph of an individual apparently known as "Enrique", who appeared to Mercado to resemble the individual on the bicycle. Relying mainly on this photograph, which apparently was a photograph of claimant Juan Hernandez (hereinafter claimant) taken a number of years earlier, Mercado amended his investigation report to reflect the fact that the person who sold him the drugs was Juan E. Hernandez. As a result of Mercado's testimony before the Grand Jury, a sealed indictment was returned on September 27, 1988 charging Juan Hernandez, also known as "Enrique", with the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

On September 29, 1988, claimant was arrested, arraigned and remanded to custody. At the time of his arrest, claimant was a 27-year-old married man with a wife and two children, was approximately 5 feet 8 inches tall, weighed 180 pounds with longish dark hair, and was working at two jobs. He was arrested at his home on Third Avenue in the Mount Pleasant section of Schenectady, where he had resided for several years, and which is four or five miles from the Hamilton Hill area where Mercado had made his purchase. Claimant also had a driver's license and registration for two motor vehicles, all of which showed the Third Avenue address in Schenectady. Except for the name, neither the indictment nor the arrest warrant contained an address or any other information identifying defendant. Bail was fixed in the amount of $50,000, and after several weeks was reduced to $10,000. Claimant ultimately was released on bail after being in custody for 31 days.

Sometime after claimant's arrest, and upon reviewing arrest records and booking photographs, Mercado realized that claim-

ant was not the individual from whom he purchased the cocaine in September 1988 and he notified his superiors of this fact. However, nothing further was done in this matter until June 29, 1989, when, just prior to an identification hearing, County Court was advised by the District Attorney's office that claimant had been misidentified and the court immediately dismissed all charges against him.

Claimant, along with his wife, commenced this action alleging, *inter alia*, malicious prosecution, and the matter proceeded to trial in the Court of Claims. After a trial the court held that the State was liable for malicious prosecution, finding that the investigative work underlying the identification of claimant was so deficient that it removed the presumption of probable cause and demonstrated such a disregard of claimant's rights as to support an inference of malice. The court proceeded to award claimants damages in the amount of $80,000 and it is from this judgment that the State now appeals.

For a claim of malicious prosecution to succeed a person must show, in addition to the favorable termination of the underlying charge, a lack of probable cause and malice. It is clear that an indictment by a Grand Jury creates a presumption of probable cause (*see, Colon v City of New York*, 60 NY2d 78, 82). In addition, New York does not recognize an action alleging negligent investigation or prosecution of a crime, as the police are not obligated to follow every lead that may yield evidence beneficial to the accused (*see, Gisondi v Town of Harrison*, 72 NY2d 280, 285; *Coyne v State of New York*, 120 AD2d 769, 770). However, where it can be shown that the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures, the presumption of probable cause may be overcome (*see, Lee v City of Mount Vernon*, 49 NY2d 1041, 1043). As the Appellate Division, Second Department, stated in *Biener v City of New York* (47 AD2d 520, 521), there is no requirement that the defendant's acts be purposely evil or intended to harm, since malice may be inferred if the defendant has acted with a reckless or grossly negligent disregard of the plaintiff's rights (*see, Boose v City of Rochester*, 71 AD2d 59, 70).

Here, although we are hampered by the lack of the Grand Jury minutes to enable us to review the contents of Mercado's testimony which resulted in the indictment of claimant, the record discloses that based on his review of a six-year-old photograph and an apparent Department of Motor Vehicles check on the name Juan Hernandez by other police officers,

the results of which Mercado was unable to recall in any detail, an indictment was returned against Juan Hernandez, also known as "Enrique", primarily as a result of Mercado's testimony.

We find that although the police were engaged in a commendable attempt to suppress unlawful drug activity in Schenectady, they failed to carry out the most rudimentary investigation before charging claimant with a serious felony. This was not a situation where police were merely a conduit for an incorrect or faulty identification by a private citizen (*see, Davis v City of Syracuse*, 66 NY2d 840), but was an investigation under the control of the police. The failure to substantiate in any way the residence, age or occupation of claimant was sufficient to permit the trier of fact to infer grossly negligent conduct sufficient to overcome the presumption of probable cause arising from the Grand Jury's indictment (*see, Heller v Ingber*, 134 AD2d 733).

Therefore, we affirm the finding by the Court of Claims of liability and also find that in light of claimant's arrest, incarceration and loss of employment, compounded by the long delay before the indictment was dismissed, the award of significant money damages was justified.

Crew III, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.