■ RAHEEM BOOMER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 98463.) [733 NYS2d 518] —Mugglin, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered June 12, 2000, upon a decision of the court in favor of the State.

In December 1996, State Police Investigator Samuel Mercado and State Trooper Vonnie Vardine, in a joint operation with police from the City of Troy, Rensselaer County, were working undercover purchasing narcotics on the streets of Troy. To protect their cover, arrests were not made, but the sales

were videotaped by a camera concealed in their vehicle. Still photographs of the sellers were produced from the tape and given to State Trooper Michael Student. Student showed such a photograph to Colleen Goldston, a Troy police officer, who identified claimant as the person in the photograph and Student so advised Mercado. Mercado testified before a Rensselaer County Grand Jury that, based on this identification procedure, he had purchased narcotics from claimant.

In an indictment dated February 3, 1997, claimant was charged with two counts of criminal sale of a controlled substance in the third degree and he was arrested on February 5, 1997. He was photographed in connection with the arrest. Neither Mercado, Vardine nor Student participated in the arrest nor did they view any photograph of claimant (although Student unsuccessfully tried to obtain a photograph of claimant through the New York City police) prior to claimant's arrest. After claimant asserted an alibi defense, County Court reviewed the prosecution's identification evidence in camera. Thereafter, at the request of the District Attorney, the indictment was dismissed on April 14, 1997 due to the misidentification of claimant as the seller of the narcotics to Mercado. Claimant was incarcerated from the date of his arrest until the indictment was dismissed.

This malicious prosecution action against the State ensued and the Court of Claims reserved on the State's motion, made at the end of claimant's proof, to dismiss for failure to establish a prima facie case. After trial, the court granted the motion and dismissed the claim, finding that, under the circumstances and in the "absence of proof regarding the failure to follow accepted investigatory procedures," claimant failed to "overcome the presumption of probable cause arising from the grand jury indictment." Claimant appeals and we affirm.

A prima facie case of malicious prosecution is established when the claimant proves the commencement or continuation of a criminal proceeding by the defendant, termination of that proceeding in the claimant's favor, the absence of probable cause for the proceeding and actual malice (see, Colon v City of New York, 60 NY2d 78, 82; Broughton v State of New York, 37 NY2d 451, 457, cert denied 423 US 929). Since the first two elements of the claim were not contested, claimant's principal contention at trial was that no probable cause for his arrest existed. This contention was based on his claim that Mercado, knowingly and recklessly, falsely identified him as the narcotics seller without having made a proper inquiry concerning his identification.

A Grand Jury indictment creates a presumption of probable cause (see, *Colon v City of New York, supra,* at 82). The presumption may be overcome by evidence demonstrating that "the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures" (*Hernandez v State of New York,* 228 AD2d 902, 904). Here, as the Court of Claims properly observed, claimant offered no evidence, expert or otherwise, to rebut the presumption. Moreover, all of the officers involved testified that they followed standard operating procedures, in use both before and after this incident, that are used to identify defendants in criminal prosecutions. Student also testified that he had used Goldston on prior occasions and found her to be a reliable source for the identification of such persons.

Under these circumstances, our inquiry would normally end. However, in his posttrial submission in opposition to the State's motion to dismiss, claimant asserts, in reliance upon *Hernandez v State of New York* (*supra*), that probable cause for the continued prosecution of claimant dissipated upon his arrest since Mercado failed to conduct a confirmatory identification by comparing claimant's arrest photograph with the photograph made from the videotape. In addition, claimant argues that if his original claim was not pleaded in terms broad enough to encompass this theory, we should, *sua sponte,* conform his pleading to the proof (see, *Hummel v Vicaretti,* 152 AD2d 779, 780, *lv dismissed* 75 NY2d 809). Assuming arguendo, that the State would not be prejudiced by granting this application, we would, nevertheless, affirm. Claimant's reliance on our holding in *Hernandez v State of New York* (*supra*) is misplaced. There, when the Trooper discovered his own misidentification of the claimant as the defendant in a criminal action, he immediately reported it to his superiors who did nothing for 10 months. It was such knowledge of misidentification, coupled with inactivity, that was the lynchpin for liability in *Hernandez.* Here, in contrast, there is no evidence of State Police knowledge of misidentification and, upon discovery of the misidentification by the court and prosecution, immediate steps were taken to secure claimant's release. While confirmatory identification procedures could have been followed, their omission does not establish improper (much less egregious) police conduct (see, *Lee v City of Mount Vernon,* 49 NY2d 1041, 1043). Probable cause having been established by Goldston's identification and the indictment, it is insufficient for claimant to simply argue that the State Police should have or could have done more (see, *Gisondi v Town of Harrison,* 72 NY2d 280). There must be evi-

dence of fraud, perjury or suppression of evidence by the police (*id.*, at 284).

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.