■ KEYSHA HARRIS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 100532.) [756 NYS2d 302] —Kane, J. Appeal from a judgment of the Court of Claims (Lebous, J.), entered October 9, 2001, upon a decision of the court in favor of defendant.

In November 1997, State Police Investigator Michael Tullo, acting in an undercover capacity as part of a joint effort between the State Police Community Narcotics Enforcement Team (CNET) and the Chenango County Drug Enforcement Unit,* purchased drugs from a woman whom he met in a parking lot in the City of Elmira, Chemung County. On May 19, 1998, Tullo identified claimant from a photo array as the individual who sold him crack in November, and two days later claimant was indicted for selling drugs, based in large part on Tullo's grand jury testimony. On June 16, 1998, claimant was arrested by the Elmira police and remanded to the Chemung County jail, where she remained until she posted bail in August 1998. During her incarceration, claimant pleaded guilty to an unrelated charge of criminal impersonation in the second degree. Thereafter, after further investigation revealed that it was not claimant who had sold Tullo the drugs and upon the motion of the Chemung County District Attorney, the indictment was dismissed.

Claimant filed a claim against defendant alleging negligence, false imprisonment, false arrest and malicious prosecution stemming from the misidentification and arrest. After trial, the Court of Claims dismissed the claim, finding that, inter alia, malicious prosecution, rather than false imprisonment, is the proper theory of recovery where, as here, an arrest is made pursuant to a valid warrant. The court further found that, under the circumstances, and in the absence of expert proof of the applicable police procedures, claimant "failed to overcome the presumption of probable cause which flowed from the Grand Jury indictment." Claimant appeals and we affirm.

On this appeal, claimant contends that the Court of Claims improperly determined that she failed to establish an essential element of a claim for malicious prosecution, namely the absence of probable cause, by implying that she had not car-

* The unit of which Tullo was a part consisted of police from the City of Elmira and the Town of Horseheads, in Chemung County, and the Chemung County Sheriff's Department.

ried her burden of proof by way of expert testimony that the State Police undercover agent was negligent or that he deviated from normal and usual practice in the identification of claimant. Contrary to claimant's contention, the court did not determine that expert testimony was required in order for claimant to sustain her burden of proof, but rather that claimant had failed to offer a framework from which the court could determine that a deviation from standard police practices occurred. "For a claim of malicious prosecution to succeed a person must show, in addition to the favorable termination of the underlying charge, a lack of probable cause and malice" (*Hernandez v State of New York*, 228 AD2d 902, 904; *see Colon v City of New York*, 60 NY2d 78, 82). A grand jury indictment creates a presumption of probable cause (*see Colon v City of New York, supra* at 82) that can be overcome by a showing by claimant that "the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures" (*Hernandez v State of New York, supra* at 904; *see Lee v City of Mount Vernon*, 49 NY2d 1041, 1043), or, alternatively, by presenting "evidence of fraud, perjury or suppression of evidence by the police" (*Boomer v State of New York*, 288 AD2d 729, 731-732; *see Gisondi v Town of Harrison*, 72 NY2d 280, 284; *Colon v City of New York, supra* at 83). "[T]here is no requirement that the defendant's acts be purposely evil or intended to harm, since malice may be inferred if the defendant has acted with a reckless or grossly negligent disregard of the [claimant's] rights" (*Hernandez v State of New York, supra* at 904; *see Boose v City of Rochester*, 71 AD2d 59, 70; *Biener v City of New York*, 47 AD2d 520, 521).

Here, claimant does not allege that defendant committed fraud or perjury or suppressed evidence. Rather, it is claimant's contention that the State Police undercover agent deviated from the normal and usual practice in identification of claimant by failing to check the ownership of the vehicle in which the drug seller arrived and by failing to make a confirmatory photo identification or view a photo array until six months after the drug sale. The testimony adduced at trial established that all the officers involved during the subject drug "buy" followed standard operating procedures and claimant failed to substantiate her claim to the contrary (*see Boomer v State of New York, supra* at 731). "While confirmatory identification procedures could have been followed, their omission does not establish improper (much less egregious) police conduct" (*id.* at 731 [citation omitted]; *see Gisondi v Town of Harrison, supra* at 285). Under the circumstances, the procedures followed do not constitute improper police activity "as to demonstrate an inten-

tional or reckless disregard for proper procedures" (*Hernandez v State of New York, supra* at 904).

Claimant's reliance upon *Hernandez v State of New York* (*supra*) to support the proposition that the Court of Claims improperly concluded that expert testimony was required to find that defendant acted with malice is not well placed. As this Court recently observed in *Boomer v State of New York* (*supra*): "[In *Hernandez*], when the Trooper discovered his own misidentification of the claimant as the defendant in a criminal action, he immediately reported it to his superiors who did nothing for 10 months. It was such knowledge of misidentification, coupled with inactivity, that was the lynchpin for liability in *Hernandez*" (*id.* at 731).

It is undisputed in this case that the police had no knowledge of misidentification and, therefore, could not have failed to act on such knowledge. Rather, Tullo testified that following his identification of claimant, he had no contact with the District Attorney and had no knowledge as to why the case against claimant had been dismissed. The failure of claimant in any manner to produce evidence that defendant deviated from acceptable police activity so as to demonstrate an "intentional or reckless disregard for proper procedures" (*Hernandez v State of New York, supra* at 904) is fatal to her claim. For these reasons, we conclude that the Court of Claims properly dismissed the malicious prosecution cause of action.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.