■ MICHELLE ESCRIBANO et al., Appellants, v TOWN OF HAVERSTRAW et al., Respondents. (Action No. 1.) OMAR ESCRIBANO, SR., et al., Appellants, v TOWN OF HAVERSTRAW et al., Respondents. (Action No. 2.) [757 NYS2d 310] —In two related actions, inter alia, to recover damages for personal injuries and wrongful death, the plaintiffs in both actions appeal from an order of the Supreme Court, Rockland County (Sherwood, J.), dated August 7, 2000, which granted the motion of the defendants in both actions for summary judgment dismissing both complaints. Justice Ritter has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs commenced these actions to recover damages arising out of a motor vehicle accident in which the plaintiff in Action No. 2 Omar Escribano, Sr. (hereinafter the father), a diabetic, was operating a vehicle in which the passenger, his son, Omar Escribano, Jr., was killed. The father claimed that he was experiencing diabetic shock, which led to the crash. Shortly before the crash, the vehicle was observed swerving on the road by the defendant Town of Haverstraw Police Officer John Salter, who stopped the vehicle and issued the father a ticket for a seatbelt violation. In their complaints, the plaintiffs alleged that as a result of the investigative stop and because of Officer Salter's purported knowledge that the father was diabetic, the defendants owed a special duty of care to the plaintiffs. They claim that the defendants breached that duty and were guilty of negligent entrustment in allowing the father to continue driving the vehicle while knowing that he was experiencing diabetic shock. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaints. We affirm.

The defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that no special relationship existed between Officer Salter and the father and that no other basis for liability was

present in this case. A special relationship requires proof of (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who is injured, (2) knowledge on the part of the municipality's agents that inaction can lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) that party's justifiable reliance on the municipality's affirmative undertaking (*see Kircher v City of Jamestown*, 74 NY2d 251 [1989]; *Cuffy v City of New York*, 69 NY2d 255 [1987]). In this case, there is no showing that Officer Salter assumed a duty to diagnose or treat a medical condition, or to act on the father's behalf in operating the vehicle. There is also no indication that Officer Salter had knowledge that any inaction on his part could lead to harm because the record is devoid of evidence to establish he was aware that the father was experiencing diabetic shock. In addition, there is no evidence that any alleged reliance by the father or his son on Officer Salter's conduct was justifiable. Rather, the officer's discretionary decision to permit the father to continue operating his vehicle could not reasonably be construed under the circumstances as a certification that the father was medically fit to drive. Even if Officer Salter knew that the father was diabetic, he did not breach any duty of care owed to the plaintiffs because he had no special knowledge that the father was suffering from diabetic shock at the time of their encounter. Inasmuch as the plaintiffs failed to raise a triable issue of fact in opposition, the defendants' motion for summary judgment was properly granted.

The plaintiffs' remaining contention is without merit. Ritter, J.P., S. Miller, Friedmann and Cozier, JJ., concur.