■ MARCIA M. HALPIN, Individually and as Parent and Natural Guardian of SAMANTHA HALPIN and Another, Infants, Appellant, v TOWN OF LANCASTER, Respondent. [806 NYS2d 810]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered November 30, 2004. The order, insofar as appealed from, granted in part defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of her two children, seeking damages for injuries she sustained when her husband shot her just before he committed suicide with the same weapon. Although plaintiff and her husband were still residing together, they were in the process of obtaining a divorce. When police officers responded to plaintiff's telephone call complaining of a domestic dispute, plaintiff told them that she and her husband each owned weapons, and that she wanted the officers to remove them. According to plaintiff, the officers did not do so, but instead "ordered" plaintiff and her husband to remove the weapons and take them to relatives' homes for safekeeping. After the of-

ficers left, plaintiff's husband shot and injured plaintiff, and he then shot and killed himself.

Supreme Court properly granted that part of defendant's motion seeking dismissal of the first cause of action, alleging the breach of a special duty. In the absence of the requisite "special relationship," defendant municipality "cannot be held liable for negligence in the performance of a governmental function" (*De Long v County of Erie*, 60 NY2d 296, 304 [1983]; *see Yearwood v Town of Brighton*, 101 AD2d 498, 501 [1984], *affd* 64 NY2d 667 [1984]). The elements of a "special relationship" include "an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured . . . [and] that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Here, neither of those elements is present. Contrary to plaintiff's contention, the officers' refusal to remove the weapons from the residence does not constitute the requisite assumption of an affirmative duty to act (*see id.*; *Yearwood*, 101 AD2d at 501). It is undisputed that the officers did not provide any verbal assurances to plaintiff that they would provide further assistance, nor did they otherwise act in a manner that would lead plaintiff to assume that they would provide further aid. Rather, the record unequivocally establishes that they left the scene with the unmistakable intention of taking no further action (*see Yearwood*, 101 AD2d at 501). In any event, the record demonstrates that plaintiff did not rely on the assumption of any alleged affirmative duty (*see Cuffy*, 69 NY2d at 263).

The court also properly granted that part of defendant's motion seeking dismissal of the second and third causes of action insofar as they allege the negligence of the police based on the breach of a duty voluntarily undertaken by defendant (*cf. Parvi v City of Kingston*, 41 NY2d 553, 559-560 [1977]; *Walsh v Town of Cheektowaga*, 237 AD2d 947 [1997], *lv dismissed* 90 NY2d 889 [1997]). Both *Parvi* and *Walsh* concerned the duty of one who " 'takes charge of another who is helpless adequately to aid or protect himself' " and noted that one who voluntarily does so must exercise reasonable care to secure that person's safety (*Parvi*, 41 NY2d at 559; *see Walsh*, 237 AD2d at 947-948; *cf. Kingsbury v Welch*, 306 AD2d 850 [2003]). Unlike the injured persons in *Parvi* and *Walsh*, plaintiff herein was not intoxicated or otherwise incapacitated, and thus plaintiff's reliance on those cases is misplaced.

Even assuming, arguendo, that the police "ordered" plaintiff and her husband to remove their weapons from the home themselves, we conclude that negligence liability cannot be

predicated thereon. It is well established that a municipality cannot be held liable for the discretionary acts of its employees—even if performed negligently—in the absence of a "special relationship between the plaintiff and the [municipality]" (*Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]; *see Kovit v Estate of Hallums*, 4 NY3d 499 [2005], *rearg denied* 5 NY3d 783 [2005]; *De Long*, 60 NY2d at 304) and, as previously noted herein, there was no such special relationship.

All concur except Pigott, Jr., P.J., and Hayes, J., who dissent in part and vote to modify in accordance with the following memorandum.

Pigott, Jr., P.J., and Hayes, J. (dissenting in part). In reviewing a motion pursuant to CPLR 3211 (a) (7), such as the motion before us on this appeal, our role is to determine whether the pleading states a cause of action. Indeed, "[a]ccepting the allegations as true, our 'sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of·action cognizable at law a motion for dismissal will fail' " (*Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]).

Applying those principles, we conclude that a cognizable claim exists concerning whether, under the attendant circumstances, the police officers who responded·to plaintiff's telephone call complaining of a domestic dispute voluntarily assumed a duty and were negligent in their directive to plaintiff and her husband (*see Parvi v City of Kingston*, 41 NY2d 553, 559-560 [1977]; *Walsh v Town of Cheektowaga*, 237 AD2d 947 [1997], *lv dismissed* 90 NY2d 889 [1997]). "The case law is clear that, even when no original duty is owed to the plaintiff to undertake affirmative action, once it is voluntarily undertaken, it must be performed with due care" (*Parvi*, 41 NY2d at 559). According to plaintiff, when the officers responded to her telephone call, she informed the officers that she was afraid and asked that they remove the weapons from the residence for her safety. The officers directed plaintiff and her husband to retrieve the weapons and deliver them to the homes of relatives. It was while carrying out that directive that plaintiff's husband retrieved the weapon and shot plaintiff before he committed suicide with the same weapon.

Therefore, we would modify the order by denying those parts of defendant's motion with respect to the second and third causes of action insofar as they allege the negligence of the police based on the breach of a duty voluntarily undertaken by de-

fendant, and by reinstating those causes of action in their entirety. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.