OPINION OF THE COURT
Saxe, J.
Plaintiff Stephan Villanueva Medina commenced this action against the City of New York, the New York City Police Department (NYPD), and arresting officer Sergeant Matthew Reilly, claiming false arrest, false imprisonment, and related causes of action, following his acquittal on charges of sexual abuse in the second degree and endangering the welfare of a child. Plaintiff was arrested based on his 11-year-old niece’s assertions to the police that on the night of September 21, 2002, while she was sleeping next to her cousin, plaintiff’s daughter, in plaintiffs home, she awoke to find plaintiff lifting up her shirt and touching her breast.
The 11-year-old complainant was taken to the 45th precinct of the NYPD by her mother, plaintiff’s sister-in-law, on September 22, 2002, and gave an officer on duty her description of what had happened. Because plaintiff was employed by the Police Department as an auto mechanic, the Internal Affairs Bureau (IAB) was called into the investigation. Lieutenant *103 Thomas Maldon, Sergeant Matthew Reilly and Sergeant Carmen Martinez, all from IAB, reported to the precinct and took over the questioning of the complainant. Based on the information they obtained from her, with the authorization of IAB executive officer Raymond King, they arrested plaintiff at his home that night. He was suspended from his job without pay, and his name was placed on a watch list.
Plaintiff was acquitted of the criminal charges after a nonjury trial. The judge explained that while he could see no reason that the child, who seemed to be normal and well adjusted, would make up this story, he could see no reason for a married uncle with two children of his own to want to touch the breast of an 11 year old who was his goddaughter and who had slept over hundreds of times before. He concluded that the charges were not proved beyond a reasonable doubt.
Plaintiff then commenced this action, alleging false arrest, false imprisonment, and malicious prosecution, as well as negligence, violation of his civil rights, and defamation.
Defendants’ motion for summary judgment was based on the contention that the undisputed submitted evidence established as a matter of law that the police had probable cause to arrest plaintiff, and that therefore his false arrest, false imprisonment, malicious prosecution, and related claims must be dismissed. In opposition, plaintiff offered an expert’s assertion that the manner in which the police handled the investigation was improper, and argued that therefore an issue of fact was presented as to whether probable cause was established. The motion court denied summary judgment, finding an issue of fact as to whether the police had probable cause for plaintiffs arrest.
Where, as here, an arrest is made without a warrant, “a presumption arises that it was unlawful, and [defendants have] the burden of proving that . . . the arrest was based on probable cause” (Williams v Moore, 197 AD2d 511, 513-514 [2d Dept 1993]). To establish as a matter of law that the police in the present matter had probable cause, the People rely on the general rule that “an eyewitness-victim of a crime can provide probable cause for the arrest of his assailant despite the fact that his reliability has not been previously established or his information corroborated ... In fact, an accusation against a specific individual from an identified citizen is presumed reliable” (People v Nichols, 156 AD2d 129, 130 [1st Dept 1989] [internal quotation marks and citation omitted], lv denied 76 NY2d 740 [1990]; see also Shapiro v County of Nassau, 202 *104 AD2d 358 [1st Dept 1994], lv denied 83 NY2d 760 [1994]; Kramer v City of New York, 173 AD2d 155 [1st Dept 1991], lv denied 78 NY2d 857 [1991]).
However, the fact that an identified citizen accused an individual who was known to her of a specific crime, while generally sufficient to establish probable cause, does not necessarily establish it. The rule is actually somewhat less absolute: “Probable cause is established absent materially impeaching circumstances, where, as here, the victim of an offense communicates to the arresting officer information affording a credible ground for believing the offense was committed and identifies the accused as the perpetrator” (People v Gonzalez, 138 AD2d 622, 623 [2d Dept 1988] [emphasis added], lv denied 71 NY2d 1027 [1988]). The question is whether the police are aware of “materially impeaching circumstances” or grounds for questioning the complainant’s credibility.
In Sital v City of New York (60 AD3d 465 [1st Dept 2009], lv dismissed 13 NY3d 903 [2009]), the arresting officer had doubts about the credibility of the identified citizen complainant who had accused the plaintiff of a fatal shooting, and moreover, the identification by the complainant was arguably contradicted by physical evidence at the crime scene that was consistent with the conflicting statement of an independent eyewitness. This Court held that “a rational jury could have determined that the officer’s failure to make further inquiry of potential eyewitnesses was unreasonable under the circumstances, and evidenced a lack of probable cause” (id. at 466).
In Stile v City of New York (172 AD2d 743 [2d Dept 1991]), the false arrest claim was upheld where the plaintiff was arrested without a warrant by a New York City police detective, based on a claim by friends of the detective that the plaintiff had stolen a ring while visiting their home. The Court observed that the detective had ignored not only the plaintiff’s protestations of innocence, but also his attorney’s insistence that the detective should investigate an earlier incident in which his friends had similarly accused another man of stealing a ring and later dropped the charges.
Issues of fact were also found in Carlton v Nassau County Police Dept. (306 AD2d 365, 365-366 [2d Dept 2003]) regarding whether the police had probable cause to arrest the plaintiff at his home without a warrant for theft of services. Although the restaurant owner had provided an affidavit stating that the plaintiff left the restaurant without paying the bill, the arrest *105 ing officers knew that the bill was disputed and that the plaintiff had provided his business card to the restaurant owner, facts that the court said would have prompted a reasonable person to make further inquiry.
But mere denial by the accused of the complainant’s claims will not constitute “materially impeaching circumstances” or grounds for questioning the complainant’s credibility so as to raise a question of fact as to probable cause. In Kramer v City of New York (173 AD2d 155 [1991]), the complainant, who appeared to the police officer to have fallen to the sidewalk as if she had been thrown from a car, told the officer that the occupants of the car (the plaintiffs) had stolen her purse. The officer stopped the vehicle and, upon finding the complainant’s purse therein, arrested the plaintiffs. Although the charges were eventually dismissed when the complainant refused to proceed, and although the plaintiffs explained that they asked her to leave the car because she was unruly and said that they had no idea she had left her purse behind, the order setting aside the jury verdict in the plaintiffs’ favor on the false arrest claim was affirmed. This Court reasoned that “[t]he information given to the officer by the identified citizen, accusing plaintiffs of a specific crime, was legally sufficient to provide the officer with probable cause to arrest” (id. at 156).
Here, the police had no information about the complainant, no knowledge of facts relating to her or to her accusations that would justify doubt as to her reliability. Neither her age nor the sexual nature of the charges presents grounds to call her credibility into question.
“[T]he requirement for corroboration in sex crimes was largely abandoned when Penal Law § 130.15 was repealed in 1974 (L 1974, ch 14, § 1) and the remaining requirement for corroboration of sex offenses with respect to child victims was eliminated in 1984 (L 1984, ch 89). These changes were made in the belief that defendants are sufficiently protected from false charges by other safeguards and that in child abuse cases the difficulty of obtaining corroborative evidence, the need to protect child victims and the unfairness of treating those victims differently from victims of crime in general, warranted repeal of the statute (see, Governor’s Mem approving L 1984, ch 89, 1984 NY Legis Ann, at 73; see also, Governor’s Mem approving L 1974, ch 14, *106 1974 NY Legis Ann, at 371-372)” (People v Groff, 71 NY2d 101, 109 [1987]).
Of course, for non-sex offenses, too, the sole testimony of a minor is sufficient to establish probable cause. For example, in People v Walker (278 AD2d 852 [4th Dept 2000], lv denied 96 NY2d 869 [2001]), probable cause was based on the statement of a 14-year-old “identified citizen informant who witnessed the crime [who] is presumed to be reliable [,] and her basis of knowledge was her observation of the crime she described” (at 852; see Kamins, New York Search & Seizure § 1.02 [2] [c] at 1-90 [2012 ed] [“Probable cause can even be predicated on information supplied by a young child”]).
Plaintiff raises the possibility that the complainant’s accusations were prompted by her mother, Mightily R, in response to threats made by plaintiffs wife that she (and plaintiff) would seek custody of their niece because Mightily R. was endangering the child with her excessive drinking. However, while plaintiff made this suggestion at his examination before trial in this civil action, there is no showing that this theory was presented to the police at or around the time of his arrest. Consequently, he has failed to establish that the police had reason to doubt the complainant’s credibility, necessitating further investigation before an arrest.
Plaintiff emphasizes the rule that “where it can be shown that the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures, the presumption of probable cause may be overcome” (Hernandez v State of New York, 228 AD2d 902, 904 [3d Dept 1996]). However, he has not shown that the conduct of the police deviated egregiously in this case. In Hernandez, the police “failed to carry out the most rudimentary investigation before charging claimant with a serious felony” (228 AD2d at 905). Here, where there was no reason for the police to doubt the complainant’s credibility, the mere possibility “that not all procedures that could have been followed were followed in fact . . . does not establish that the omissions were improper, much less egregious” (see Lee v City of Mount Vernon, 49 NY2d 1041, 1043 [1980]).
Plaintiffs expert asserts that the lack of probable cause is also demonstrated by the officers’ failures to comply with LAB and ordinary police procedures required in such circumstances. Specifically, he points out the failure to question plaintiffs wife and daughter regarding their observations, if any, on the night *107 of September 21, 2002, and the failure to investigate the scene of the alleged crime and search for evidence before arresting him.
However, these alleged failures of the police investigation are not the type of failures that tend to establish improper reliance on insufficient information, such as occurred in the Hernandez case. Nothing in the record before us indicates that those additional steps would have uncovered enough—or any—conflicting evidence to undermine the complainant’s accusation and rebut the presumption of probable cause. For one thing, the trial testimony of plaintiffs wife and daughter indicating that they did not see anything to support the complainant’s claims does nothing to undermine her accusation, and the testimony of plaintiffs wife that she is a light sleeper provides some support for plaintiffs denial of the accusation, but does not undercut the complainant’s claim in a way that would cause the police to reassess whether her accusation was enough to establish probable cause to arrest.
Nor does the failure to cordon off the crime scene in accordance with regulation undermine the probable cause supplied by the complainant’s accusation. Given the nature of the accusation, there was no logical reason to think anything exonerating plaintiff or negating the complainant’s claims could have been found. The only result of searching and photographing the crime scene that could have helped plaintiff is an absence of any indications of the crime, but that would do nothing to negate the complainant’s claim. Photographs showing the slept-in bed and the doorway defendant entered through would not have disproved the complainant’s allegations. Even plaintiffs implication that his morbid obesity at the time made it difficult for him to squeeze through the door does not suggest that he was actually unable to enter the room. Thus, the officers’ decision to arrest based on the complainant’s accusations alone, with no investigation of the room or questioning of plaintiffs remaining family members, was not an egregious failure that overcame the presumption of probable cause.
Even assuming that the steps that plaintiffs expert asserts were necessary could somehow have uncovered evidence that conflicted with the complainant’s statement, that evidence would have been relevant to the issue of reasonable doubt at the criminal trial, but there is nothing to suggest that it would have altered the determination that the complainant’s accusation supplied the police with probable cause to arrest him (see Agront v City of New York, 294 AD2d 189, 190 [1st Dept 2002]).
*108 The unrebutted showing of probable cause requires the dismissal of plaintiffs false arrest, false imprisonment and malicious prosecution claims. The cause of action alleging negligence, including negligent hiring, retention, and training, must be dismissed because no cause of action for negligent investigation lies in New York (Johnson v Kings County Dist. Attorney’s Off., 308 AD2d 278, 284 [2d Dept 2003]; Santiago v City of Rochester, 19 AD3d 1061 [4th Dept 2005], lv denied 5 NY3d 710 [2005]; Hernandez v State of New York, 228 AD2d 902, 904 [1996]). In addition, the negligent hiring, retention, and training claims must be dismissed because it is undisputed that the officer was acting within the scope of his employment, and plaintiff does not seek punitive damages based on gross negligence in the hiring or retention of the officer (see Karoon v New York City Tr. Auth., 241 AD2d 323, 324 [1st Dept 1997]).
The cause of action for violation of civil rights must be dismissed based on the dismissal of the antecedent tort claims of false arrest/false imprisonment, malicious prosecution, and negligence (see Grant v Barnes & Noble, 284 AD2d 238 [1st Dept 2001]). As to the defamation claim, the complaint fails to set forth “the particular words complained of” (CPLR 3016 [a]; see LoFaso v City of New York, 66 AD3d 425 [1st Dept 2009], lv denied 14 NY3d 711 [2010]), and defendants’ conduct in merely taking and acting on a criminal complaint is not a viable basis for a defamation claim.
Accordingly, the order of the Supreme Court, Bronx County (Larry S. Schachner, J.), entered March 14, 2011, which denied defendants’ motion for summary judgment dismissing the complaint, should be reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Gonzalez, P.J., Sweeny, Acosta and Renwick, JJ., concur.
Order, Supreme Court, Bronx County, entered March 14, 2011, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.