■ ANDREW S. FARRAGO, Plaintiff, v COUNTY OF SUFFOLK et al., Respondents, and ROBERT GILLMAN, Appellant. [54 NYS3d 168]—

In an action to recover damages for personal injuries, the defendant Robert Gillman appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 7, 2015, which granted the motion of the defendants County of Suffolk, Suffolk County Police Department, and Suffolk County Highway Patrol Motorcycle Division for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendants County of Suffolk, Suffolk County Police Department, and Suffolk County

Highway Patrol Motorcycle Division which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents, payable by the appellant.

This action arises from an accident in which a motorcycle operated by the plaintiff struck a vehicle operated by the defendant Robert Gillman. At the time of the accident, the plaintiff was participating in a charity motorcycle run. The plaintiff commenced this action to recover damages for injuries that he allegedly sustained as a result of the accident against the defendants County of Suffolk, Suffolk County Police Department, and Suffolk County Highway Patrol Motorcycle Division (hereinafter collectively the County defendants), as well as Gillman. The complaint alleged, among other things, that the County defendants were negligent in failing to properly control traffic along the route of the motorcycle run, and specifically, at the location of the accident. In their answers, the County defendants asserted a cross claim against Gillman alleging comparative negligence, and Gillman asserted a cross claim against the County defendants for contribution and indemnification. Following discovery, the County defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were shielded from liability by the doctrine of governmental immunity. The Supreme Court granted the motion, and Gillman appeals.

The Supreme Court properly granted that branch of the County defendants' motion which was for summary judgment dismissing Gillman's cross claim against them for contribution and indemnification. Contrary to Gillman's contention, the County defendants established their prima facie entitlement to judgment as a matter of law pursuant to the governmental function immunity defense with evidence that the conduct complained of involved the exercise of the police officers' professional judgment, and was therefore discretionary (*see Valdez v City of New York*, 18 NY3d 69, 75-76 [2011]; *Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428, 452 [2011]; *Murchison v State of New York*, 97 AD3d 1014, 1017 [2012]; *Kadymir v New York City Tr. Auth.*, 55 AD3d 549, 551 [2008]). In opposition, Gillman failed to raise a triable issue of fact (*see McLean*

*v City of New York*, 12 NY3d 194, 203 [2009]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.