■ Patricia Barnes, Individually and as Coadministrator of the Estate of Kevin Barnes, Deceased, and on Behalf of her

Coadministrators, Appellant, v STATE OF NEW YORK, Respondent. [66 NYS3d 716]—

Clark, J. Appeal from an order of the Court of Claims (Schaewe, J.), entered December 3, 2015, which, among other things, granted defendant's motion for summary judgment dismissing the claim.

At approximately 1:50 a.m. on October 26, 2008, State Troopers Jason Saddlemire and Anthony Gower initiated a traffic stop of a vehicle operated by Kevin Barnes (hereinafter decedent) for allegedly following too closely to another vehicle. After approaching decedent's vehicle, engaging with decedent and ascertaining the validity of decedent's driver's license, the troopers ultimately declined to issue decedent a traffic ticket for following too closely and left decedent—who had, according to the troopers, claimed to be tired—in his vehicle on the side of the road to await a ride home from his brother. Roughly 5½ hours later, decedent's body and vehicle were discovered off a road, down a hill, near his home. Decedent was pronounced dead at the scene and a subsequent autopsy determined that, at the time of his death,* decedent had a blood alcohol content of .173%, which was above the legal limit for operating a motor vehicle.

Claimant, decedent's spouse, commenced this wrongful death action, individually and on behalf of her coadministrators, alleging that the troopers' failure to arrest decedent for driving while intoxicated and their determination to allow decedent to retain control of his vehicle resulted in his death. Following joinder of issue, defendant moved for, among other things, summary judgment dismissing the claim, and claimant cross-moved for partial summary judgment on the issue of liability. The Court of Claims granted defendant's motion, denied claimant's cross motion and dismissed the claim, prompting this appeal by claimant.

Where, as here, a claim arises out of the performance of an act undertaken for the protection and safety of the public pursuant to general police powers (see *Valdez v City of New York*, 18 NY3d 69, 75 [2011]; *Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997]; *Santoro v City of New York*, 17 AD3d 563, 564

---

* The precise time of decedent's death was not determined, although rigor mortis had begun to set in when his body was found at roughly 7:30 a.m.

[2005]; *Eckert v State of New York*, 3 AD3d 470, 470 [2004]), the governmental entity is immune from liability for the negligent performance of that governmental function, unless it owed a special duty to the injured party (*see Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 426 [2013]; *Metz v State of New York*, 20 NY3d 175, 179 [2012]; *Sebastian v State of New York*, 93 NY2d 790, 793 [1999]). As relevant here, a special duty arises when the governmental entity "voluntarily assumed a duty to the [injured party] beyond what was owed to the public generally" (*Applewhite v Accuhealth, Inc.*, 21 NY3d at 426; *accord Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs.*, 28 NY3d 709, 714 [2017]). To establish a special duty through voluntary assumption, the injured party must demonstrate that the governmental agents assumed, through promises or actions, an affirmative duty to act on behalf of the injured party, that the agents knew that inaction could lead to harm, that there was some form of direct contact between the injured party and the agents and that the injured party justifiably relied on the agents' affirmative undertaking (*see McLean v City of New York*, 12 NY3d 194, 201 [2009]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Escribano v Town of Haverstraw*, 303 AD2d 621, 622 [2003]).

Defendant's submissions in support of its motion established, prima facie, that the troopers did not voluntarily assume a duty to decedent beyond what was owed to the public generally. In their sworn statements and deposition testimony, Saddlemire and Gower consistently stated that, although decedent asserted that he had two alcoholic drinks earlier in the evening, they did not observe any outward indicators of impairment or intoxication. They each stated that they did not smell alcohol on decedent's breath, that decedent did not slur his words and that decedent's motor skills appeared to be intact when he searched through his wallet for his driver's license. Saddlemire also stated that decedent claimed to be tired and that, in response, he suggested that decedent get a cup of coffee, pull over for a nap or call someone for a ride. According to Saddlemire, decedent asserted that he would call his brother to pick him up. Both troopers stated that, at no point did they speak with decedent's brother or indicate to decedent—after declining to issue a traffic ticket—that he was not free to drive himself home. Decedent's brother stated, in his deposition testimony, that decedent called him for a ride, that he did not speak with either trooper and that decedent later called him and told him that the troopers had left, that decedent no longer wanted a ride and that he was going to drive home. This proof established that the troopers did not assume, either

through promises or actions, a duty to act on behalf of decedent (*see Halpin v Town of Lancaster*, 24 AD3d 1176, 1177 [2005], *affd* 7 NY3d 827 [2006]; *Escribano v Town of Haverstraw*, 303 AD2d at 622; *Evers v Westerberg*, 38 AD2d 751, 751 [1972], *affd* 32 NY2d 684 [1973]). Further, even if such evidence established an affirmative undertaking, decedent's justifiable reliance could not be reasonably inferred, particularly given that, following the troopers' departure, decedent told his brother that he no longer wanted a ride and that he would drive himself home (*see Valdez v City of New York*, 18 NY3d at 81-82; *Halpin v Town of Lancaster*, 24 AD3d at 1177; *compare Mastroianni v County of Suffolk*, 91 NY2d 198, 205 [1997]).

With defendant having demonstrated its prima facie entitlement to summary judgment dismissing the claim, the burden shifted to claimant to raise a triable issue of fact precluding summary judgment dismissing the claim (*see Feeney v County of Delaware*, 150 AD3d 1355, 1358 [2017]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Claimant wholly failed to meet this burden, as she neither produced nor pointed to any evidence tending to establish an affirmative act by the troopers and decedent's justifiable reliance on that act (*compare Hanna v St. Lawrence County*, 34 AD3d 1146, 1148 [2006]). While claimant argues on appeal that the brother's statements in a redacted police investigation report raise a triable issue of fact on these issues, claimant did not advance this argument in the Court of Claims. Although apparently a part of the record, the redacted report was not included in either parties' motion submissions, and the Court of Claims did not identify it as one of the documents it considered in rendering its determination. In any event, even if this argument were properly before us, we would not find it to raise a triable issue of fact so as to preclude summary judgment in defendant's favor. Accordingly, we affirm the Court of Claims' determination that, in the absence of a special duty owed to decedent, defendant is immune from liability for any negligent action or inaction committed by the troopers in furtherance of a governmental function (*see Dinardo v City of New York*, 13 NY3d 872, 874-875 [2009]; *LaLonde v Hurteau*, 239 AD2d 858, 859-860 [1997], *lv denied* 90 NY2d 807 [1997]).

In light of our determination, we need not address the applicability of the governmental function immunity defense (*see Valdez v City of New York*, 18 NY3d at 80 and n 7; *Full v Monroe County Sheriff's Dept.*, 152 AD3d 1237, 1239 [2017]). However, were we to reach that question, we would find the defense to be applicable (*see Farrago v County of Suffolk*, 151

AD3d 935, 936 [2017]; *Feeney v County of Delaware*, 150 AD3d at 1358-1360; *Murchison v State of New York*, 97 AD3d 1014, 1017 [2012]). To the extent that we have not addressed any of claimant's remaining arguments, they have been considered and rejected.

Peters, P.J., Garry, Devine and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.