Berry v City of New York (2021 NY Slip Op 01189)





Berry v City of New York


2021 NY Slip Op 01189


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 300538/14 Appeal No. 13220 Case No. 2019-5410 

[*1]Ralph Berry, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent, Detective Shane Rogers et al., Defendants.


Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Melanie West of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about April 24, 2019, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the causes of action for false arrest and malicious prosecution as against defendants City of New York and Detective Shane Rogers, unanimously affirmed, without costs.
The identification of plaintiff by the victim in two photo arrays furnished probable cause for plaintiff's arrest for murder, robbery and weapons possession (People v Lamont, 59 AD3d 203 [1st Dept 2009], lv denied 12 NY3d 818 [2009]; People v Higgins, 178 AD2d 199 [1st Dept 1991], lv denied 80 NY2d 832 [1992]). The existence of probable cause defeats plaintiff's false arrest and malicious prosecution claims (Cintron v City of New York, 180 AD3d 602, 604 [1st Dept 2020], lv denied 36 NY3d 903 [2020]; see Roberts v City of New York, 171 AD3d 139, 146 [1st Dept 2019], affd 34 NY3d 991 [2019]).
Plaintiff's attempt to defeat summary judgment by reframing his false arrest claim as a claim based on a warrantless arrest in his home is unavailing since he did not plead that theory of liability in his notice of claim or complaint (see Price v City of New York, 172 AD3d 625, 628-29 [1st Dept 2019], appeal dismissed 34 NY3d 989 [2019]; Atkins v Beth Abraham Health Servs., 133 AD3d 491 [1st Dept 2015]). In any event, the existence of probable cause defeats a false arrest claim based on violation of Fourth Amendment rights or lack of a warrant (see Santos v City of New York, 161 AD3d 509, 509 [1st Dept 2018]; Semmig v Charlack, 143 AD3d 802, 803 [2d Dept 2016]).
Plaintiff failed to raise an issue of fact as to his malicious prosecution claim. Probable cause was not dissipated by evidence linking the murder weapon to another arrestee and DNA and fingerprint evidence linking that arrestee to the scene of the crime. There is no evidence that the police deviated egregiously from proper investigative procedures (see Ramos v City of New York, 285 AD2d 284, 300 [1st Dept 2001]; Hernandez v State of New York, 228 AD2d 902, 905 [3d Dept 1996]). Moreover, plaintiff failed to show that the victim's identification of him as the perpetrator was a conspiracy between the victim and the police and that his indictment by a grand jury
was the result of fraud, perjury or the suppression of evidence (see Lee v City of Mount Vernon, 49 NY2d 1041 [1980]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021