Williams v County of Suffolk (2023 NY Slip Op 02027)

Williams v County of Suffolk

2023 NY Slip Op 02027

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2019-13292
 (Index No. 4173/10)

[*1]James Williams, respondent, 
v
County of Suffolk, et al., appellants, et al., defendants.

Dennis M. Cohen, County Attorney, Hauppauge, NY (Diana T. Bishop of counsel), for appellants County of Suffolk, Suffolk County Police Department, and Everett P. Wehr, Jr.
Joseph A. Solow, Hauppauge, NY, for appellant Lisa Molinelli.
MargolinBesunder LLP, Islandia, NY (Linda U. Margolin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983, the defendants County of Suffolk, Suffolk County Police Department, and Everett P. Wehr, Jr., appeal, and the defendant Lisa Molinelli separately appeals, from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated October 1, 2019. The order, insofar as appealed from by the defendants County of Suffolk, Suffolk County Police Department, and Everett P. Wehr, Jr., denied their motion for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendant Lisa Molinelli, in effect, denied her request to search the record and award her summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
On December 15, 2008, the plaintiff was arrested and charged with assault in the second degree in connection with an altercation which occurred on the night of Halloween 2008 outside of the home of the defendant Lisa Molinelli, when multiple assailants allegedly assaulted Molinelli's husband. Molinelli identified the plaintiff as one of the assailants from a photograph in her brother's high school yearbook, and subsequently identified the plaintiff in a photo array and signed a written statement to that effect. The charge against the plaintiff was subsequently dismissed on motion of the Suffolk County District Attorney's Office, after the plaintiff provided an alibi for the night in question.
The plaintiff commenced this action against Molinelli and the defendants County of Suffolk, Suffolk County Police Department, and Police Officer Everett P. Wehr, Jr. (hereinafter collectively the County defendants), to recover damages for false arrest and civil rights violations pursuant to 42 USC § 1983 against the County defendants and for malicious prosecution against all the defendants. The County defendants moved for summary judgment dismissing the complaint [*2]insofar as asserted against them, arguing, among other things, that Wehr had probable cause to arrest the plaintiff based on Molinelli's identification, and that the plaintiff's claims against them were barred by absolute governmental immunity. Molinelli submitted papers requesting that the Supreme Court search the record and award her summary judgment dismissing the complaint insofar as asserted against her, on the ground that the underlying criminal proceeding did not terminate in the plaintiff's favor on a basis not inconsistent with innocence. In an order dated October 1, 2019, the court, among other things, denied the County defendants' motion and, in effect, denied Molinelli's request. The County defendants appeal, and Molinelli separately appeals.
"The existence of probable cause constitutes a complete defense to causes of action alleging false arrest, false imprisonment, and malicious prosecution" (Paulos v City of New York, 122 AD3d 815, 817; see Gisondi v Town of Harrison, 72 NY2d 280, 283; Ball v Miller, 164 AD3d 728, 729), "including causes of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth Amendment rights under color of state law that are the federal-law equivalents of state common-law false arrest and malicious prosecution causes of action" (Paulos v City of New York, 122 AD3d at 817; see De Lourdes Torres v Jones, 26 NY3d 742, 759-762; Williams v City of New York, 153 AD3d 1301, 1303). Where, as here, an arrest is made without a warrant, a presumption arises that it was unlawful, and the defendant has the burden of proving justification (see Broughton v State of New York, 37 NY2d 451, 458; Cayruth v City of Mount Vernon, 188 AD3d 1139, 1140). "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (De Lourdes Torres v Jones, 26 NY3d at 759 [internal quotation marks omitted]; see Jones v City of New York, 206 AD3d 635, 638). "The existence or absence of probable cause becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn surrounding the arrest" (MacDonald v Town of Greenburgh, 112 AD3d 586, 586-587; see Petrychenko v Solovey, 99 AD3d 777, 780).
"As a general rule, information from an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" (Petrychenko v Solovey, 99 AD3d at 780 [internal quotation marks omitted]; see Silverstein v New York City Police Dept., 167 AD3d 961, 963; Batten v City of New York, 133 AD3d 803, 805). "Indeed, probable cause is established 'absent materially impeaching circumstances,' where 'the victim of an offense communicates to the arresting officer information affording a credible ground for believing the offense was committed and identifies the accused as the perpetrator'" (Jones v City of New York, 206 AD3d at 638, quoting Medina v City of New York, 102 AD3d 101, 104; see Rapuzzi v City of New York, 186 AD3d 1548, 1549). "The question is whether the police are aware of materially impeaching circumstances or grounds for questioning the complainant's credibility" (Medina v City of New York, 102 AD3d at 104 [internal quotation marks omitted]). "[T]he failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause" (Colon v City of New York, 60 NY2d 78, 82; see Fortunato v City of New York, 63 AD3d 880, 880; Fausto v City of New York, 17 AD3d 520, 521-522).
Here, the County defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that Molinelli identified the plaintiff in a photo array as the individual who allegedly hit her husband in the head with a full beer can (see Jones v City of New York, 206 AD3d at 639; Berry v City of New York, 191 AD3d 589, 589). However, in opposition, the plaintiff submitted a transcript of the deposition testimony of one of the people involved in the altercation, in which that witness recanted his prior written statement to the police that the plaintiff was present during the altercation and further testified that such information had been provided to him by Wehr during an interrogation. The witness also acknowledged while testifying that he had sent a text message to the plaintiff in which he stated that he had told Wehr that the plaintiff was "not even there and had no involvement at all." Viewing the evidence in the light most favorable to the plaintiff (see De Lourdes Torres v Jones, 26 NY3d at 763), this evidence raised a triable issue of fact as to whether Wehr was aware of "materially impeaching circumstances" which would cause a reasonable person to make further inquiry before arresting the plaintiff (Medina v City of New York, 102 AD3d at 104 [internal quotation marks omitted]; see Fortunato v City of New York, 63 AD3d at 880; Fausto v City of New York, 17 AD3d at 521-522; Carlton v Nassau County Police Dept., 306 [*3]AD2d 365, 366). Although Wehr disputed the account of the witness's interrogation, this merely presented an issue of credibility which could not be resolved on a motion for summary judgment (see Webster v City of New York, 181 AD3d 756, 757-758).
Contrary to the County defendants' contention, the plaintiff's claims against them are not barred by the absolute governmental immunity applicable to certain negligence claims against a municipality (see Jones v State of New York, 33 NY2d 275, 279-280; Jones v City of New York, 206 AD3d at 639; Price v City of New York, 172 AD3d 625, 628; cf. Kovit v Estate of Hallums, 4 NY3d 499, 506; Farrago v County of Suffolk, 151 AD3d 935, 936).
Accordingly, the Supreme Court properly denied the County defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
"[A] court may search the record and grant summary judgment in favor of a nonmoving party only with respect to a cause of action or issue that is the subject of the motions before the court" (Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430). As Molinelli's request that the Supreme Court search the record and award her summary judgment dismissing the complaint insofar as asserted against her was based upon an issue that was not a subject of the motion before the court, the Supreme Court properly, in effect, denied Molinelli's request for such relief (see Zhigue v Lexington Landmark Props., LLC, 183 AD3d 854, 855-856; Galasso, Langione & Botter, LLP v Galasso, 176 AD3d 1184, 1185).
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court