Marshall v City of New York (2024 NY Slip Op 06126)

Marshall v City of New York

2024 NY Slip Op 06126

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 156578/15 Appeal No. 3190 Case No. 2024-00640 

[*1]Travis Marshall, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.

Advocates for Justice Chartered Attorneys, New York (Arthur Z. Schwartz of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Hannah J. Sarokin of counsel), for respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered on or about July 3, 2023, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its prima facie entitlement to summary judgment. Defendant demonstrated that the police had probable cause to arrest plaintiff based on the victim's information, provided to police, that plaintiff had threatened to kill him despite a standing order of protection, and by attaching a copy of the order of protection, which prohibits plaintiff from communicating with and threatening the victim, to the motion for summary judgment (see Liotta v County of Suffolk, 157 AD3d 781, 781-782 [2d Dept 2018]; see also Nasca v Sgro, 130 AD3d 588, 589 [2d Dept 2015]). Moreover, the arresting officer was entitled to rely on the victim's representations because "an eyewitness-victim of a crime can prove probable cause for the arrest of his assailant despite the fact that his reliability has not been previously established or his information corroborated" (Medina v City of New York, 102 AD3d 101, 103 [1st Dept 2012]). Nor were there any materially impeaching circumstances such that the arresting officer should have questioned the victim's credibility (id. at 104).
In response, plaintiff failed to raise a triable issue of fact. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024