■ In the Matter of the Estate of KATHERINE F. WILLIAMS, Deceased. KATHERINE RIEGEL et al., Appellants; ETHEL A. RAND et al., Respondents.— In a proceeding in the Surrogate's Court, Queens County, pursuant to section 206-a of the Surrogate's Court Act, the appeal is from an order granting respondents' motion to modify appellants' notice to take the deposition of respondent West and directing that the examination proceed before an official stenographer of the court. Order affirmed, with one bill of $10 costs and disbursements; examination to proceed on 10 days' notice. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ JOHN J. KELLY et al., Respondents, v. CHESTER YANNOTTI et al., Copartners Doing Business under the Name of Y. & F. LANDSCAPING COMPANY, Defendants, and Y. & F. LANDSCAPING CO., INC., Defendant and Third-Party Plaintiff-Respondent. AETNA CASUALTY & SURETY COMPANY, Third-Party Defendant-Appellant.— In an action by the owners to recover damages for injuries to their property, alleged to have been caused by explosion and fire, against the contractors, a partnership and a corporation, the corporation served a third-party complaint upon the appellant, alleging that the appellant had issued an insurance policy which obligated appellant to indemnify the said contractor against the claim made in the main complaint. Coverage was denied in the third-party answer. The action was noticed for trial and a jury demanded. The appeal is from an order denying appellant's motion for a severance of the third-party action from the main action. The motion was based upon the ground that the trial of the insurance issue would prejudice the jury in the main action. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Hallinan and Kleinfeld, JJ., concur. Murphy and Ughetta, JJ., dissent and vote to reverse and to grant the motion, with the following memorandum: After the answer to the third-party complaint had been served, the motion to sever the issues raised thereby so that there might be separate trials was made, on the sole ground that the case would be tried before a jury·and that the question of insurance necessarily being before the jury would result in great prejudice to the third-party defendant. It has long been settled in this State that evidence that a defendant is insured in a casualty company or that the defense is being conducted by an insurance company, is incompetent and so dangerous as to require a reversal even where the court strikes it from the record and directs the jury to disregard it, unless it clearly appears that it could not have influenced the verdict (*Simpson* v. *Foundation Co.*, 201 N. Y. 479, 490; see *Morton* v. *Maryland Cas. Co.*, 1 A D 2d 116, and cases collated at pp. 123-124). It is our view that to require that the issues raised by the main complaint and answer be tried together with those raised by the third-party complaint and answer would be highly prejudicial to the third-party defendant. *Brooklyn Yarn Dye Co.* v. *Empire State Warehouse Corp.* (276 App. Div. 611) and *Adelman Mfg. Corp.* v. *New York Wood Finisher's Supply Co.* (277 App. Div. 1117) were motions to dismiss third-party complaints on the ground that the provisions of the insurance contracts therein involved prohibited the impleading of the third-party defendants. The questions of prejudice and right to severance and separate trial were neither presented nor passed upon. In the case at bar, the refusal to grant a severance constituted an improvident exercise of discretion.