■ GLADYS CHIN et al., Appellants, v MEL HOOKER et al., Respondents. — In an automobile negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County (Lerner, J.), entered September 21, 1981, which granted defendants' motion to dismiss the action against them pursuant to CPLR 3215 (subd [c]) upon the ground of plaintiffs' failure to enter judgment against them within one year of their default in appearing. Order affirmed, with costs. (See *Winkelman v H & S Beer & Soda Discounts,* 91 AD2d 660.) Titone, J. P., Gibbons, Thompson and Rubin, JJ., concur.

■ MICHAEL COYNE, Respondent, v JANICE COYNE, Appellant. — In an action for divorce, in which the defendant wife counterclaimed for divorce on the ground of cruel and inhuman treatment, defendant appeals from a judgment of the Supreme Court, Orange County (Ferraro, J.), dated June 28, 1982, which, *inter alia,* granted her a divorce on her counterclaim therefor, upon the granting of the plaintiff husband's motion for reverse partial summary judgment in defendant's favor. Judgment reversed, on the law, with costs, and motion denied. Although we have recognized the propriety of granting reverse partial summary judgment in matrimonial actions, leaving such ancillary matters as equitable distribution to be resolved at trial (*Rauch v Rauch,* 91 AD2d 407), this remedy is unavailable in the instant case in view of the insufficiency of the proof submitted. Plaintiff's affidavit in support of his motion is utterly silent as to the matter of marital fault. He has neither recited nor admitted any actions on his part which might be described as cruel and inhuman treatment, but has simply indicated his willingness to "accede without contest to the granting of that specific relief." "Accordingly, his motion papers are patently insufficient to meet the burden of proof for summary judgment purposes and the motion must be denied (Domestic Relations Law, § 211)" (*Rauch v Rauch, supra,* p 411). Gibbons, J. P., Thompson, Weinstein and Rubin, JJ., concur.