■ Dorothea M. Weitzner, Appellant, v New York City Department of Social Services et al., Respondents and Third-Party Plaintiffs. Robert L. Cucin, Third-Party Defendant-Respondent. [622 NYS2d 688] —Order, Supreme Court, New York County (Alfred Lerner, J.), entered July 19, 1994, which granted the motion by the third-party defendant for summary judgment dismissing both the complaint and the third-party complaint and also granted the cross-motion by defendants to the extent of granting summary judgment dismissal of the complaint, unanimously affirmed, without costs.

Since a third-party defendant is entitled to raise any defenses against the plaintiff which the third-party plaintiff has to the action (CPLR 1008), and the answer by the third-party defendant interposed the defense of governmental immunity, it is irrelevant that the municipal defendants did not assert their immunity. It is established that "when official action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial, a municipal defendant generally is not answerable in damages for the injurious consequences of that action" *(Haddock v City of New York,* 75 NY2d 478, 484). Moreover, the immunity is absolute where the conduct is judicial or quasi-judicial in nature *(Arteaga v State of New York,* 72 NY2d 212).

At the time that the underlying subject competency proceeding was brought, Mental Hygiene Law former § 78.03 (a) stated that it was the duty of a social services official to institute such proceeding "[w]here the property of any person is endangered by reason of his incompetency". Social Services Law § 473 (1) further provided that social services officials would furnish protective services to individuals who, "because of mental or physical dysfunction, are unable to manage their own resources, carry out the activities of daily living, or protect themselves from neglect or hazardous situations with-

out assistance from others and have no one available who is willing and able to assist them responsibly".

Thus, it was defendants' statutory responsibility to investigate any report that was received concerning an individual who might require governmental intervention, and they were obliged to investigate the complaint against plaintiff and undertake a psychiatric evaluation of her. When the Department of Social Services thereafter determined that she was in need of help, City officials were legally authorized to initiate a competency proceeding against her. That defendants' decision-making turned out, in retrospect, to have been erroneous, unwise and/or negligent does not thereby deprive them of immunity *(Mon v City of New York,* 78 NY2d 309). Defendants, having engaged in discretionary, quasi-judicial conduct necessitating the exercise of reasoned judgment and the application of governing rules to particular facts, were protected by absolute immunity, and the Supreme Court properly dismissed the complaint. Concur—Murphy, P. J., Rosenberger, Rubin and Williams, JJ.