■ ROBERT CRYSTAL et al., Appellants, v CITY OF NEW YORK et al., Respondents. [634 NYS2d 67] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about June 30, 1994, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiffs are husband and wife who during the relevant time period were police officers. When the husband suffered a line of duty head injury, the wife requested an accommodation in her assigned shifts to care for him, which was denied. Shortly thereafter, the husband suffered a dizzy spell and fell down a staircase, aggravating his injuries. The IAS Court properly refused to evaluate the wisdom of the decision refusing the wife's request on the ground that it involved only an exercise of discretion by an executive agency that is not judicially reviewable even if the product of negligence (*see, Tango v Tulevech*, 61 NY2d 34, 40; *Haddock v City of New York*, 75 NY2d 478, 484; *Weitzner v New York City Dept. of Social Servs.*, 212 AD2d 414). In any event, were we to reach the negligence claim on the assumption that defendant did not follow its own procedures in reviewing the request for a change of tour, we would, like the IAS Court, find that plaintiffs have not demonstrated that defendant owed a duty to the husband of enabling the wife to provide him with home care, and that this time and leave decision pertaining to the wife did not proximately cause the husband's fall down the stairs. Concur— Murphy, P. J., Sullivan, Ross and Williams, JJ.