■ MAXWELL ANNANQUARTEY, Plaintiff, v BARRY M. PASSESER et al., Defendants and Third-Party Plaintiffs-Appellants. MOBILE AIR TRANSPORT, Third-Party Defendant-Respondent. [688 NYS2d 252] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Barron, J.), dated December 22, 1997, as, in effect, granted that branch of the third-party defendant's motion which was to dismiss the third-party complaint, without prejudice, pursuant to CPLR 1010.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, that branch of the third-party defendant's motion which was to dismiss the third-party complaint is denied, the third-party complaint is reinstated, and the matter is remitted to the Civil Court of the City of New York, Kings County, for further proceedings in accordance herewith.

The Supreme Court improvidently exercised its discretion by, in effect, granting that branch of the motion of the third-party defendant Mobile Air Transport (hereinafter Mobile) which was to dismiss the third-party action for indemnification against it pursuant to CPLR 1010. "CPLR 1010 provides a safety valve for cases in which the third-party claim 'will unduly delay the determination of the main action or prejudice the substantial rights of any party'" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1010, at 134, quoting from CPLR 1010; *see, Kelly v Yannotti,* 4 AD2d 767). In the instant case, the plaintiff in the main action does not claim that he will be unduly delayed by the appellants' impleader of Mobile (*see, Musco v Conte,* 22 AD2d 121, 126; *see also, Erbach Fin. Corp. v Royal Bank,* 203 AD2d 80). Nor, if trial of the main action is stayed pending completion of

disclosure by Mobile, can Mobile claim any prejudice by reason of the appellants' delay in bringing their third-party action for indemnity (*Musco v Conte, supra*; *cf., Cusano v Sankyo Seiki Mfg. Co.,* 184 AD2d 489, 490). Additionally, Mobile should be afforded an adequate opportunity to conduct its discovery in the third-party action.

Finally, we note that in the order appealed from, the Supreme Court also ordered the action removed to the Civil Court of the City of New York, Kings County, pursuant to CPLR 325 (d). As none of the parties appeal from that portion of the order, we remit the action to that court. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.