■ VIRGINIA RUIZ BADILLO et al., Appellants, v CITY OF NEW YORK, Respondent. BARBARA S. DUFTY et al., Appellants, v CITY OF NEW YORK, Respondent. ALEXANDER MELNIKOV et al., Appellants, v CITY OF NEW YORK, Respondent. CAROLINE RANDOLPH GEORGE et al., Appellants, v CITY OF NEW YORK, Respondent. [827 NYS2d 133]—

Orders, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 14, 2005, which, in consolidated actions for personal injury and wrongful death, granted defendants' motions to dismiss all four complaints for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiffs allege that the four teenage boys drowned because emergency personnel did not respond to a 911 cell phone call made by one of the decedents. The complaints, given every favorable inference did not show justifiable reliance demonstrating the special relationship necessary to impose liability for the failure to send rescue personnel, i.e., that the call lulled the decedents into a false sense of security and thereby induced them to forgo other possibilities of rescue (*see Cuffy v City of New York*, 69 NY2d 255, 261 [1987]; *De Long v County of Erie*, 60 NY2d 296, 305 [1983] [assurance that police would arrive "right away" only increased the risk to the victim's life]). The decedents' alleged reasonable expectation that help was on the way is not enough to establish justifiable reliance. In addition, plaintiffs must show that the decedents acted on that reliance to their detriment, such that as a result of the call, they were put in a worse position than they would have been in had the call not been made (*see Grieshaber v City of Albany*, 279 AD2d 232, 235-236 [2001], *lv denied* 96 NY2d 719 [2001]). We reject plaintiffs' alternative argument that the alleged failure of 911 personnel to comply with departmental protocols and standards of conduct accepted throughout the 911 industry is an independent basis for liability, apart from the existence of a special relationship. The special relationship requirement applies where, as here, the acts or omissions complained of are in the nature of nonfeasance, not malfeasance (*Haggerty v Diamond*, 251 AD2d 455 [1998], *lv denied* 92 NY2d 814 [1998]; *cf. Rodriguez v City of New York*, 189 AD2d 166, 172-173 [1993]).

We have considered plaintiffs' remaining contentions, including their request for additional discovery, and find them unavailing. Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.