■ Lucia Carossia et al., Respondents-Appellants, v City of New York et al., Appellants-Respondents. [835 NYS2d 102]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 18, 2005, which granted defendants' postverdict motion to the extent of dismissing plaintiff's claim for defamation and ordering a new trial as to plaintiff's claim for negligent infliction of emotional distress, but denied so much of the motion as sought a directed verdict on the claim for negligent infliction of emotional distress, unanimously modified, on the law, so much of defendants' motion as sought a directed verdict on the claim for negligent infliction of emotional distress granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Defendants are entitled to immunity "for those governmental actions requiring expert judgment or the exercise of discretion. This immunity . . . is absolute when the action involves the conscious exercise of discretion of a judicial or quasi-judicial nature" (*Arteaga v State of New York*, 72 NY2d 212, 216 [1988] [citations omitted]). Here, the investigation and decision by the Administration for Children's Services (ACS), resulting in the removal of plaintiffs' son and the filing of a Family Court petition against plaintiffs, constituted quasi-judicial acts entitled to such absolute immunity. Defendants' conduct in this matter is also shielded, in part, by the immunity extended by Social Services Law § 419 (*see Sean M. v City of New York*, 20 AD3d 146, 158 [2005]), which, contrary to the view of the trial court, was not overcome by a sufficient showing of bad faith on defendants' part (*see Van Emrik v Chemung County Dept. of Social Servs.*, 220 AD2d 952, 953 [1995], *lv dismissed* 88 NY2d 874 [1996]). While the caseworker's actions in this matter were far from exemplary, she was presented with serious allegations of child sexual abuse, which were seemingly confirmed to one degree or another by the child, although apparently through a series of misunderstandings as to what the child meant. Nevertheless, there was reasonable cause to suspect that the child might have been abused when the caseworker determined to remove the child and commence the Family Court proceeding (*see Rine v Chase*, 309 AD2d 796, 797 [2003]). The evidence does not permit the conclusion that the caseworker failed to exercise "even slight care," or exhibited a "complete disregard for the rights and safety of others" (*Mendoza v Grace Indus.*, 4 AD3d 272, 273 [2004]; *see also Food Pageant v Consolidated Edison Co.*, 54 NY2d 167, 172 [1981]).

Defendants, under common-law principles limiting municipal liability, were also entitled to the dismissal of plaintiff's claims

alleging that ACS failed to take appropriate, statutorily mandated action in furtherance of the strong public policy generally favoring family reunification in removal cases. Plaintiffs failed to show the existence of a special relationship between them and the municipality rendering the alleged nonfeasance actionable. Indeed, the trial evidence showed that plaintiffs did not rely on ACS to reunite the family, and accordingly that they did not, by reason of any such reliance, forgo alternative avenues of relief (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Badillo v City of New York*, 35 AD3d 307, 308 [2006]).

The court properly dismissed plaintiff's defamation claim on the ground that the complained-of statements were made solely in the Family Court petition, and are thus entitled to absolute judicial immunity (*see Levy v State of New York*, 58 NY2d 733 [1982]). While defendants did not object to the defamation charge given the jury, the defamation claim should never have been submitted to the jury, and defendants did object to submitting the defamation claim, and any other claim, to the jury. Concur—Tom, J.P., Andrias, Buckley, Gonzalez and Malone, JJ.