■ Cecilia Ann Shinn, Appellant, v City of New York et al., Respondents. [884 NYS2d 466]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated January 15, 2008, which granted that branch of the motion of the defendants City of New York, Adult Protective Services, and the New York City Police Department which was for summary judgment dismissing the complaint insofar as asserted against them and, sua sponte, dismissed the complaint pursuant to CPLR 3215 (c) insofar as asserted against the defendant Animal Care & Control.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, dismissed the complaint pursuant to CPLR 3215 (c) insofar as asserted against the defendant Animal Care & Control is deemed to be an application for leave to appeal, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants City of New York, Adult Protective Services, and the New York City Police Department.

The defendants City of New York, Adult Protective Services, and the New York City Police Department (hereinafter collectively the municipal defendants) submitted evidence demonstrating that the actions taken by their employees were taken pursuant to a court order granting access to the plaintiff as an adult person believed to be in need of protective services (*see* Social Services Law § 473-c). Thus, the municipal defendants were immune from civil liability, as their employees' actions were within the scope of their employment (*see* Social Services Law § 473 [3]; Mental Hygiene Law § 9.59 [a]). Accordingly, the municipal defendants established their prima facie entitlement to summary judgment. In opposition, the plaintiff failed to raise a triable issue of fact, and the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against the municipal defendants (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Since the plaintiff failed to seek leave to enter a default judgment within one year of the default of the defendant Animal Care & Control, and did not demonstrate that she had a reasonable excuse for that failure or that the complaint had merit (*see*

*Mattera v Capric*, 54 AD3d 827 [2008]; *Scrimenti v Dry Harbor Nursing Home*, 34 AD3d 439 [2006]), the Supreme Court also properly dismissed the complaint insofar as asserted against the defendant Animal Care & Control (*see* CPLR 3215 [c]). Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.