■ JOSE SOLANO, Respondent, v ANDREW CASTRO, Appellant, et al., Defendants. (And a Third-Party Action.) [902 NYS2d 95]—

In an action to recover damages for personal injuries, the defendant Andrew Castro appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated November 25, 2008, which granted the plaintiff's motion pursuant to CPLR 3215 to the extent of directing him to serve a late answer and denied his cross motion to sever the third-party action from the main action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion pursuant to CPLR 3215 to the extent of directing the defendant Andrew Castro to serve a late answer, and substituting therefor provisions denying the plaintiff's motion in its entirety and dismissing the complaint insofar as asserted against the defendant Andrew Castro; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

When a plaintiff fails to seek leave to enter a default judg-

ment within one year after the default has occurred, the action is deemed abandoned (*see* CPLR 3215 [c]; *Butindaro v Grinberg*, 57 AD3d 932 [2008]; *County of Nassau v Chmela*, 45 AD3d 722 [2007]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624, 625 [2005]). To avoid dismissal of the complaint pursuant to CPLR 3215 (c) insofar as asserted against the defendant Andrew Castro (hereinafter the appellant), the plaintiff was required to demonstrate both a reasonable excuse for his delay in seeking a default judgment and that the complaint was meritorious (*see Shinn v City of New York*, 65 AD3d 621, 622-623 [2009]; *Butindaro v Grinberg*, 57 AD3d 932 [2008]; *Staples v Jeff Hunt Devs., Inc.*, 56 AD3d 459 [2008]; *Mattera v Capric*, 54 AD3d 827, 828 [2008]). Here, the plaintiff failed to demonstrate that his complaint had merit. He did not submit an affidavit of merit, and the verified complaint was insufficient, since it was verified by his attorney rather than by the plaintiff himself (*see Mattera v Capric*, 54 AD3d at 828; *Costello v Reilly*, 36 AD3d 581, 581-582 [2007]). Accordingly, the Supreme Court should have denied the plaintiff's motion in its entirety and dismissed the complaint insofar as asserted against the appellant as abandoned (*see Perricone v City of New York*, 62 NY2d 661, 663 [1984]).

The Supreme Court providently exercised its discretion in denying the appellant's cross motion to sever the third-party action from the main action (*see* CPLR 603, 1010). The appellant cannot claim prejudice by the delay in the commencement of the third-party action, since the main action has been taken off the trial calendar and the appellant was afforded an opportunity to conduct his discovery in the third-party action (*see Jones v Board of Educ. of City of N.Y.*, 292 AD2d 500, 501 [2002]; *Annanquartey v Passeser*, 260 AD2d 517, 518 [1999]; *cf. Cusano v Sankyo Seiki Mfg. Co.*, 184 AD2d 489 [1992]). Furthermore, the plaintiff in the main action opposed the cross motion and did not claim any prejudice by the delay (*see Annanquartey v Passeser*, 260 AD2d 517 [1999]; *Musco v Conte*, 22 AD2d 121, 126 [1964]; *cf. Abreo v Baez*, 29 AD3d 833, 834 [2006]). Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.