■ Angel Rivera, Jr., Individually and as Administrator De Bonis Non of the Estate of Wanda Rivera, Deceased, et al.,

Respondents, v City of New York et al., Appellants. [920 NYS2d 314]—

Plaintiffs are the surviving children of the late Naomi Vasquez, whose live-in boyfriend, Harry Bonilla, killed her and her daughter, Wanda Rivera, in 1993 (*see People v Bonilla*, 251 AD3d 82 [1998], *lv denied* 92 NY2d 893 [1998]). At the time of the murders, defendant Child Welfare Administration (CWA) was investigating plaintiffs' home. Family Court had ordered the investigation after the children's paternal grandmother alleged in a petition for visitation rights that Bonilla was "on drugs" and that Naomi "[was] not caring for [the] oldest child properly." Plaintiffs allege, inter alia, that the proximate cause of their mother's and sister's deaths, and the attendant injury to themselves, was defendants' negligence in conducting the investigation.

Since the CWA caseworker who investigated the family was engaged in discretionary action, defendants may not be held liable for any negligence on her part (*see Carossia v City of New York*, 39 AD3d 429 [2007]; *Sean M. v City of New York*, 20 AD3d 146, 156 [2005]). The record presents no issues of fact whether the caseworker was actually conducting her investigation or exercising her discretion when the murders occurred.

In any event, the record demonstrates no special relationship between the parties or special duty owed by defendants to plaintiffs (*see McLean v City of New York*, 12 NY3d 194, 203 [2009]). There is no evidence that defendants voluntarily undertook any obligation beyond those already required of them by law (*see Pelaez v Seide*, 2 NY3d 186, 202 [2004]) or that the caseworker was "clearly on notice of palpable danger" (*Kovit v Estate of Hallums*, 4 NY3d 499, 508 [2005]). Nor is there any evidence that plaintiffs relied on defendants to protect them and that their reliance induced them to forgo other possibilities of relief (*see Cuffy v City of New York*, 69 NY2d 255, 260-261 [1987]; *Badillo v City of New York*, 35 AD3d 307, 308 [2006]).

In the absence of evidence suggesting that the caseworker

engaged in "willful misconduct or gross negligence," defendants are also entitled to the immunity afforded by Social Services Law § 419 to those investigating allegations of child abuse (*see Sean M.*, 20 AD3d at 158). The evidence permits no inference that the caseworker acted in bad faith, "failed to exercise even slight care, or exhibited a complete disregard for the rights and safety of others" (*see Carossia*, 39 AD3d at 430 [internal quotation marks and citation omitted]).

In addition to the absence of evidence as to a special duty, there also is no evidence to support the inference that any act or omission on the part of defendant Board of Education proximately caused the injury to plaintiffs.

In view of the foregoing, we do not reach defendants' remaining arguments. Concur—Mazzarelli, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.