■ LOVEY LAVERNE HINES, as Limited Administratrix of the Estate of SIERRA HELENA ROBERTS, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [37 NYS3d 136]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated May 5, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent, Sierra Helena Roberts, was seven years old when she was beaten to death by her father, Russell Thomas Roberts, on October 25, 2005. The plaintiff subsequently commenced this action against the defendants, inter alia, to recover damages for Sierra's wrongful death, alleging that they had improperly investigated a 2003 report of child abuse concerning Sierra, and had erroneously concluded that no abuse occurred at that time. The defendants thereafter moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We affirm.

The plaintiff contends that the award of summary judgment in favor of the defendants was error because the defendants were negligent in the manner in which they conducted the 2003 investigation of alleged child abuse, and their negligence was a proximate cause of Sierra's death two years later. However, the defendants contended and established that they engaged in discretionary conduct in investigating the report of abuse in 2003, and thus cannot be held liable for the manner in which the investigation was performed under the doctrine of governmental immunity (see Rivera v City of New York, 82 AD3d 647, 648 [2011]). A government's performance of a governmental function, when discretionary in nature, cannot result in liability (see McLean v City of New York, 12 NY3d 194, 203 [2009]; Lauer v City of New York, 95 NY2d 95, 99 [2000]). Discretionary acts "involve the exercise of reasoned

judgment which could typically produce different acceptable results" (*Tango v Tulevech*, 61 NY2d 34, 41 [1983]). The defendants demonstrated that the subject investigation consisted of a series of discretionary acts (*see generally Grant v Cuomo*, 130 AD2d 154, 173 [1987], *affd* 73 NY2d 820 [1988]), and that this was not a situation in which no discretion or judgment was exercised. In any event, the defendants also demonstrated their prima facie entitlement to judgment as a matter of law by establishing that New York does not recognize a cause of action sounding in negligent investigation or negligent prosecution (*see Medina v City of New York*, 102 AD3d 101, 108 [2012]; *Coleman v Corporate Loss Prevention Assoc.*, 282 AD2d 703, 703 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly determined that the manner in which the defendants carried out the subject investigation, and the conclusion they ultimately reached, could not constitute a basis for liability.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur. ▮▮▮