■ JASON DUNLOP, as Administrator of the Estate of JEFFREY DUNLOP, Deceased, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [51 NYS3d 538]—

In an action to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Suffolk County (Hudson, J.), dated May 26, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On September 28, 2006, the stepmother of the plaintiff's decedent (hereinafter the decedent) contacted Adult Protective Services (hereinafter APS), a division of the Suffolk County Department of Social Services, and requested assistance for the decedent, who was then 40 years old. According to the stepmother, the decedent had lived in a senior citizen's housing complex with his father until the father died in April 2006. Upon the father's death, the decedent was no longer eligible to remain in the complex, and needed assistance in finding a new apartment. In addition, the apartment in which the decedent had been living was "in an unlivable condition due to filth and clutter." The stepmother further informed APS that the decedent weighed more than 600 pounds and the family was at a loss as to how to help him. The plaintiff, the decedent's half-brother, testified at a hearing pursuant to General Municipal

Law § 50 (h) that the decedent was mentally competent, but lacked motivation to help himself.

APS advised the stepmother and the decedent that he was eligible for services from September 28, 2006, through March 28, 2007. APS's plan was for the decedent to enroll in an in-home bariatric program. After completing the program, APS would help him find a new apartment. APS caseworkers made 12 home visits to the decedent, and 12 telephone calls to him, his family members, and medical providers. They also followed up with the decedent about scheduling an evaluation with a nurse to determine his eligibility to enter the bariatric program. The decedent never made the appointment for the evaluation, and declined a caseworker's offer to make the appointment for him.

On February 28, 2007, APS closed the decedent's case, as he was found to no longer meet the criteria for services. APS's final case note indicated that although the decedent was obese, he was ambulatory, drove his own car for shopping and medical appointments, and had friends and family to assist with an apartment referral and house cleaning. Moreover, the decedent had been given resource referrals, which he had chosen not to act upon.

On March 8, 2007, the decedent died from congestive heart failure due to hypertrophic cardiomyopathy and morbid obesity. In June 2008, the plaintiff commenced this action against the County of Suffolk and the Suffolk County Department of Social Services. After discovery, the defendants moved for summary judgment dismissing the complaint based upon statutory and governmental immunity. The Supreme Court denied the motion, and the defendants appeal.

Social Services Law § 473 requires social services officials to provide services to individuals who, because of mental or physical impairments, are unable to manage their own resources or carry out the activities of daily living. Social Services Law § 473 (3) provides immunity from any civil liability that might result by reason of providing such services, provided that the municipal employees were "acting in the discharge of [their] duties and within the scope of [their] employment, and that such liability did not result from the willful act[s] or gross negligence" of those employees (Social Services Law § 473 [3]; *see Shinn v City of New York*, 65 AD3d 621 [2009]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law on the ground that they are immune from liability pursuant to Social Services Law § 473 (3) by demonstrating that the caseworkers assigned to

the plaintiff's decedent acted in the discharge of their duties and within the scope of their employment (*see Shinn v City of New York*, 65 AD3d at 622). In response, the plaintiff failed to raise a triable issue of fact as to whether the decedent's death was the result of willful acts or gross negligence of those caseworkers (*see Rivera v City of New York*, 82 AD3d 647, 648-649 [2011]; *Shinn v City of New York*, 65 AD3d at 622; *Carossia v City of New York*, 39 AD3d 429, 430 [2007]; *Rine v Chase*, 309 AD2d 796, 798 [2003]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur. 