Alabi-Ajidagba v City of New York (2018 NY Slip Op 07266)





Alabi-Ajidagba v City of New York


2018 NY Slip Op 07266


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7485 303573/14

[*1]Sheriff Alabi-Ajidagba also known as Sheriff Alabiajudagba, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Law Firm of Duane C. Felton, Staten Island (Duane C. Felton of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about June 27, 2017, which granted defendants' motion to modify a prior order, same court (Larry S. Schachner, J.), entered on or about May 19, 2016, and clarified that the prior order granted defendants summary judgment disposing of the action in its entirety, unanimously affirmed, without costs.
In this action alleging negligent police investigation and damages arising therefrom due to plaintiff's interim incarceration, such claim was properly dismissed, as no such claim is recognized in New York (see Medina v City of New York, 102 AD3d 101, 108 [1st Dept 2012]; Hines v City of New York, 142 AD3d 586 [2d Dept 2016]). Plaintiff, who filed the note of issue in this case, has not pointed to evidence that might raise a triable issue as to whether the qualified immunity of defendant police officer for his discretionary acts in connection with plaintiff's arrest and processing was compromised by any actions inconsistent with acceptable police practice (see Lubeki v City of New York, 304 AD2d 224, 233-234 [1st Dept 2003], lv denied 2 NY3d 701 [2004]).
The record reflects that defendants' two motions placed plaintiff on notice of the dispositive relief sought as to all claims. Thus, his due process claims are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK