Hart v County of Erie (2020 NY Slip Op 07779)





Hart v County of Erie


2020 NY Slip Op 07779


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


984 CA 19-02156

[*1]ROBIN HART, AS ADMINISTRATOR OF THE ESTATE OF EAIN CLAYTON BROOKS, DECEASED, PLAINTIFF-RESPONDENT,
v
COUNTY OF ERIE, DEFENDANT-APPELLANT, ET AL., DEFENDANT. (APPEAL NO. 2.) 






MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHIACCHIA & FLEMING, LLP, HAMBURG (DANIEL J. CHIACCHIA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered November 18, 2019. The order, insofar as appealed from, adhered to a prior order denying the motion of defendant County of Erie for summary judgment dismissing the complaint against it. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant County of Erie for summary judgment is granted, and the complaint is dismissed against that defendant.
Memorandum: At the age of five, plaintiff's decedent was brutally murdered by his mother's boyfriend (see People v Kuzdzal, 144 AD3d 1618, 1618-1619 [4th Dept 2016], revd 31 NY3d 478 [2018]). Plaintiff thereafter commenced this wrongful death action, alleging that the County of Erie (defendant), through its Child Protective Services office, had inadequately investigated multiple prior reports of child abuse and neglect concerning the decedent child. Defendant now appeals from that part of an order that, upon reargument, adhered to the prior decision denying defendant's motion for summary judgment dismissing the complaint against it.
As defendant correctly contends, "New York does not recognize a cause of action sounding in negligent investigation" of child abuse and neglect (Hines v City of New York, 142 AD3d 586, 587 [2d Dept 2016]; see Maldovan v County of Erie, 188 AD3d 1597, — [4th Dept 2020]). "Moreover, 'a claim for negligent training in investigative procedures is akin to a claim for negligent investigation or prosecution, which is not actionable in New York' " (Juerss v Millbrook Cent. Sch. Dist., 161 AD3d 967, 968 [2d Dept 2018], lv denied 32 NY3d 903 [2018]). We therefore reverse the order insofar as appealed from, grant defendant's motion for summary judgment, and dismiss the complaint against it. Defendant's remaining contentions are academic in light of our determination.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court