Cautious Care Med., P.C. v 21st Century Ins. Co. (2021 NY Slip Op
50785(U))

[*1]

Cautious Care Med., P.C. v 21st Century Ins. Co.

2021 NY Slip Op 50785(U) [72 Misc 3d 140(A)]

Decided on August 6, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 6, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2020-464 K C

Cautious Care Medical, P.C., as Assignee of
White, Frank, Appellant, 
against
21st Century Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell of and Karina Barska counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Kenneth F. Popper of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Jill R.
Epstein, J.), entered November 1, 2019. The order, insofar as appealed from, granted the
branches of defendant's motion seeking to vacate a judgment of that court entered September 25,
2018 upon defendant's failure to appear or answer the complaint, and to enlarge defendant's time
to serve and file an answer.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from so much an order of the Civil Court as granted the branches of defendant's motion seeking
to vacate a judgment entered September 25, 2018 upon defendant's failure to appear or answer
the complaint, and to enlarge defendant's time to serve and file an answer.
To vacate the default judgment pursuant to CPLR 5015 (a) (1), defendant was required to
demonstrate a reasonable excuse for its default and a potentially meritorious defense to the action
(see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986];
Progressive Cas. Ins. Co. v Excel Prods., Inc., 171 AD3d 812 [2019]; Westchester
Med. Ctr. v Allstate Ins. Co., 80 AD3d 695 [2011]). The Civil Court found that defendant
demonstrated both "a reasonable excuse and meritorious defense," and, on appeal, plaintiff limits
its argument to defendant's excuse, specifically stating that it is unnecessary, under the
circumstances presented, for this court to consider whether defendant demonstrated that it has a
meritorious defense. "The determination as to what constitutes a reasonable excuse lies within
the sound discretion of the trial court, and will not be disturbed if the record supports such
determination" (Green Apple Mgt. Corp. v Aronis, 55 AD3d 669, 669 [2008]).
In support of its motion, defendant submitted an affidavit by the person alleged to have
received service of process, who stated that she always follows defendant's practices and [*2]procedures for receipt of process. These practices and procedures
would have created a record of the instant lawsuit, and defendant demonstrated that it does not
have any such record. Defendant's affiant further explained, in detail, that the records she created
on July 8, 2015, the date service herein was allegedly made, as part of defendant's practices and
procedures, demonstrate that she received process in 14 other cases on that date. Under these
circumstances, we find that the Civil Court did not improvidently exercise its discretion in
determining that defendant had established a reasonable excuse for its default. 
Plaintiff's remaining appellate contentions are relevant only to the branch of defendant's
motion seeking to dismiss the complaint, which was denied. Plaintiff is not aggrieved thereby
and defendant has not cross-appealed from it. 
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 6, 2021