A.H. Physical Therapy, P.C. v 21st Century Advantage Ins. Co. (2021 NY Slip Op 21355)

A.H. Physical Therapy, P.C. v 21st Century Advantage Ins. Co.

2021 NY Slip Op 21355 [74 Misc 3d 41]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 9, 2022

[*1]

A.H. Physical Therapy, P.C., as Assignee of Julius Parkes, Respondent,
v
21st Century Advantage Insurance Company, Sued Herein as A.I.G. Insurance Company, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 17, 2021

APPEARANCES OF COUNSEL

Law Offices of Buratti, Rothenberg & Burns (Kenneth F. Popper of counsel) for appellant.
Goldman Law Offices (Anna Goldman of counsel) for respondent.

{**74 Misc 3d at 42} OPINION OF THE COURT

Memorandum.

Ordered that the order, insofar as appealed from, is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new determination, following a traverse hearing, of the branches of defendant's motion seeking to, in effect, vacate the order entered April 20, 2017, granting plaintiff's motion to enter a default judgment and, upon such vacatur, to dismiss the complaint.
In this action by a provider to recover assigned first-party no-fault benefits, defendant did not appear or answer the complaint. By order entered April 20, 2017, the Civil Court (Susan Quirk, J.) granted, on default, plaintiff's motion to enter a default judgment. In September 2017, defendant moved to, among other things, in effect, vacate the April 20, 2017 order, alleging that it had not received plaintiff's motion, and, upon such vacatur, to dismiss the complaint for lack of personal jurisdiction. Plaintiff opposed the motion. As limited by its brief, defendant appeals from so much of an order entered July 12, 2019, as denied the foregoing branches of defendant's motion.
"It is axiomatic that the failure to serve process in an action leaves the court without [*2]personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [2013] [internal quotation marks omitted]). Lack of personal jurisdiction, and thus the question of whether there ever was a default, is a "threshold issue" (McSpedon v Levine, 158 AD3d 618, 620 [2018]). Here, defendant submitted a detailed affidavit by the claims clerk alleged to have received service of process, which affidavit was sufficient to rebut the{**74 Misc 3d at 43} process server's affidavit and raise an issue of fact necessitating a traverse hearing (see Cautious Care Med., P.C. v 21st Century Ins. Co., 72 Misc 3d 140[A], 2021 NY Slip Op 50785[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]).
We note that, while CPLR 3215 (c) requires a plaintiff which seeks to enter a default judgment more than one year after the default to show sufficient cause why the complaint should not be dismissed, on the record before us, there is no basis to find that plaintiff herein failed to make such a showing. Plaintiff's motion papers are not included in the record and defendant did not raise this argument in the Civil Court.
Accordingly, the order, insofar as appealed from, is reversed and the matter is remitted to the Civil Court for a new determination, following a traverse hearing, of the branches of defendant's motion seeking to, in effect, vacate the order entered April 20, 2017, granting plaintiff's motion to enter a default judgment and, upon such vacatur, to dismiss the complaint.
Weston, J. (concurring in part and dissenting in part, and voting to reverse the order, insofar as appealed from, and grant the branches of defendant's motion seeking to vacate the order entered April 20, 2017, and to dismiss the complaint as abandoned). On or about December 10, 2010, plaintiff, a provider, commenced this action seeking to recover assigned first-party no-fault benefits. Seven years later, plaintiff moved for the entry of a default judgment, which motion was granted. Plaintiff alleged that defendant was served on or about December 16, 2010, by leaving a copy of the summons and complaint with an authorized agent for the corporation. The April 20, 2017 order granting the entry of a default judgment makes no mention that any excuse for the delay was offered or that good cause was shown.
In September 2017, defendant moved to vacate the April 20, 2017 order on the grounds that defendant was not personally served. An affidavit from the person allegedly served denying service was attached to the papers. Further, pursuant to CPLR 5015 (a) (1), defendant asserted that the lack of service provided a reasonable excuse for the default and submitted a meritorious defense to the action.
It is well settled that "[w]hen a plaintiff fails to seek leave to enter a default judgment within one year after the default has occurred, the action is deemed abandoned" (Solano v Castro, 72 AD3d 932, 932-933 [2d Dept 2010]; see CPLR 3215 [c]; Perricone v City of New York, 62 NY2d 661, 663 [1984];{**74 Misc 3d at 44} Staples v Jeff Hunt Devs., Inc., 56 AD3d 459 [2d Dept 2008]; Mattera v Capric, 54 AD3d 827 [2d Dept 2008]; Kay Waterproofing Corp. v Ray Realty Fulton, Inc., 23 AD3d 624, 625 [2d Dept 2005]; Monzon v Sony Motor, 115 AD2d 714 [2d Dept 1985]). The procedure for obtaining a default judgment is plainly set forth in CPLR 3215 (c). CPLR 3215 (c) provides
"[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the [*3]complaint should not be dismissed" (see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 750 [2d Dept 2014]; see also Baruch v Nassau County, 134 AD3d 658, 659 [2d Dept 2015]).
"The language of CPLR 3215 (c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215 [c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308 [2d Dept 2011]; see Bank of N.Y. v Kushnir, 150 AD3d 946 [2d Dept 2017]; Butindaro v Grinberg, 57 AD3d 932 [2d Dept 2008]; County of Nassau v Chmela, 45 AD3d 722 [2d Dept 2007]). It is not necessary that a motion to dismiss be made, since the statute provides the court with the authority not to enter judgment on an abandoned complaint. The court on its own initiative should dismiss the complaint in the absence of compliance with the statute (see U.S. Bank, N.A. v Laulicht, 176 AD3d 892, 893 [2d Dept 2019]; Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963 [2d Dept 2018]).
Here, it is undisputed that plaintiff failed to seek entry of a judgment within one year of the alleged default. There is no explanation for this failure in the record. The court below should not have entered judgment in favor of plaintiff, but rather should have dismissed the complaint as abandoned. Inasmuch as defendant now seeks to vacate the order granting entry of a default judgment, the mandatory language of CPLR 3215 (c) requires the dismissal of the complaint.
Moreover, the authority for this court to dismiss the complaint is plain. Pursuant to CPLR 3215 (c), the court upon its own initiative can dismiss an action which has been deemed abandoned. In Perricone v City of New York (62 NY2d at 663), the Court noted:{**74 Misc 3d at 45}
"Having failed to comply with the statutory requirements, plaintiff's complaint was dismissed by the Appellate Division and we find no legal error in that decision. (See Chin v Hooker, 95 AD2d 790; Winkelman v H & S Beer & Soda Discounts, 91 AD2d 660.)
"Plaintiff's argument that the city waived its right to move for dismissal of the complaint is unpersuasive inasmuch as the Appellate Division exercised its authority under CPLR 3215 (subd [c]) and dismissed the complaint on its own initiative. Nor can plaintiff be heard to complain that he had no notice that the Appellate Division intended to act pursuant to the statute and, therefore, had no opportunity to demonstrate sufficient cause why the complaint should not be dismissed. Plaintiff was aware for more than ten years that the city had not answered, yet failed to move for a default judgment."
Under the circumstances presented here, the seven-year delay in proceeding to enter judgment after the default should not be excused. The motion for the entry of a default judgment should have been denied (see Shinn v City of New York, 65 AD3d 621, 622-623 [2d Dept 2009]; Butindaro v Grinberg, 57 AD3d at 933; Staples v Jeff Hunt Devs., Inc., 56 AD3d at 460; Mattera v Capric, 54 AD3d at 828). A traverse hearing would not resolve the underlying delay by plaintiff in seeking a default judgment and the consequences of CPLR 3215 (c) thereto. Accordingly, defendant's motion to vacate the April 20, 2017 order should be granted and the complaint dismissed.
Toussaint, J.P., and Elliot, J., concur; Weston, J., concurs in part and dissents in part in a separate memorandum.