P.A. v New York & Presbyt. Hosp. (2022 NY Slip Op 07002)

P.A. v New York & Presbyt. Hosp.

2022 NY Slip Op 07002

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Index No. 156060/19 Appeal No. 16844 Case No. 2022-01805 

[*1]P.A., et al., Plaintiffs-Appellants,
v
The New York and Presbyterian Hospital et al., Defendants-Respondents.

Nelson, Robinson & El Ashmawy, PLLC, New York (Daniel X. Robinson of counsel), for appellants.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for The New York and Presbyterian Hospital, Belinda Marquis, M.D., Susan Samuels, M.D., andLara Gordon, M.D., respondents.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amy McCamphill of counsel), for The City of New York, respondent.

Judgment, Supreme Court, New York County (J. Machelle Sweeting, J.), entered December 7, 2021, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about October 8, 2021, which granted the motion of defendants Belinda Marquis, M.D., Susan Samuels, M.D., and Lara Gordon, M.D. (collectively, defendant doctors) to dismiss the complaint as against them for lack of personal jurisdiction pursuant to CPLR 3211(a)(8), granted the motion of defendant City of New York to dismiss the complaint as against it pursuant to CPLR 3211(a)(7), granted the motion of defendant doctors and defendant New York and Presbyterian Hospital (NYPH) to dismiss the complaint as against them pursuant to CPLR 3211(a)(7), and denied plaintiffs' cross motion for leave to amend the verified complaint pursuant to CPLR 3025, unanimously affirmed, without costs.
Initially, there is no basis to dismiss the appeal for lack of prosecution because plaintiffs properly appealed from the ensuing judgment, which brings up for review the underlying order (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248 [1976]).
This case involves a child abuse proceeding commenced against plaintiff mother, during which a proposed surgical procedure for infant plaintiff, PA, was delayed for several months. Upon testimony that PA's surgery was medically indicated, Family Court promptly returned him to the mother's custody, the surgery was performed, and the abuse petition withdrawn. PA and the mother subsequently commenced this action, alleging, inter alia, abuse of process, malicious prosecution, intentional and negligent infliction of emotional distress, negligence, and violations of substantive due process. Defendant doctors and NYPH, and the City, separately moved to dismiss the complaint as against them.
Dismissal of plaintiffs' claims against NYPH and defendant doctors was proper. Plaintiffs' conclusory allegations that defendant doctors did not have a reasonable basis to suspect abuse is disproved by the evidence submitted by defendants, including PA's medical record, which demonstrated that the suspected abuse was based on clinical observations of PA that did not match the mother's report of his symptoms, conversations with PA's biological father, who expressed concern that the mother suffered from Factitious Disorder Imposed on Another (FDIA), also known as Munchausen Syndrome by Proxy, and input from PA's other treating doctors who contradicted the mother's characterizations of the severity and urgency of his diagnosis and need for medical intervention (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 134-135 [1st Dept 2014]) .
These defendants showed that they had reasonable cause to suspect abuse and, as mandated reporters, they were shielded from liability under Social Services Law § 419 for any claims arising from their actions, even if they did not have definitive proof of abuse at the time (see Isabelle V. v [*2]City of New York, 150 AD2d 312, 313 [1st Dept 1989]). Further, plaintiff failed to plead facts to show that in making the mandated report, defendants acted with willful misconduct or gross negligence (id.). Plaintiffs claim under 42 USC § 1983 against NYPH and defendant doctors was also properly dismissed as they were not acting under the color of state law by complying with the Social Services Law (see Miriam P. v City of New York, 163 AD2d 39, 42-43 [1st Dept 1990]).
Plaintiffs also failed to state a cause of action against the City, thus its motion to dismiss pursuant to CPLR 3211(a)(7) was properly granted. The City is entitled to absolute immunity for its acts in investigating and pursuing a child abuse charge (see Carossia v City of New York, 39 AD3d 429, 430 [1st Dept 2007]). Plaintiffs failed to assert facts showing that the City acted with an intent to harm, with malice, without probable cause, or that the City exhibited egregious conduct to support their claims of abuse of process, malicious prosecution, and violation of substantive due process (see Graham v City of New York, 869 F Supp 2d 337, 350 [ED NY 2012]; Curiano v Suozzi, 63 NY2d 113, 116 [1984]; Colon v City of New York, 60 NY2d 78, 82 [1983]). Plaintiffs' claims sounding in negligence were also properly dismissed as New York does not recognize a cause of action for negligent investigation or prosecution (see Medina v City of New York, 102 AD3d 101, 108 [1st Dept 2012]), and there were not sufficient allegations of complete disregard or bad faith on the City's part to articulate a claim for negligent infliction of emotional distress (see Carossia at 430).
Inasmuch as plaintiffs failed to set forth any viable claim against defendants, dismissal of the complaint with prejudice was appropriate (see Chan Ming v Chui Pak Hoi, 163 AD2d 268, 269 [1st Dept 1990]).
In light of our determination, we need not consider whether the motion court properly granted defendant doctors' motion to dismiss the complaint as against them pursuant to CPLR 3211(a)(8) for lack of jurisdiction. In any event, we find defendant doctors complied with CPLR 3211(e) and preserved their jurisdictional defense in their verified answers. Based on the record, we find no reason to disregard the court's findings and credibility determination, concluding after a traverse hearing that service was improper.
We have considered plaintiffs' remaining arguments, including the denial of their cross motion to amend the complaint, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022